### 46585.   TURNER v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of felony on two counts. Count 1 involved the violation of the Uniform Drug Act of Georgia in that the accused did unlawfully possess and have under his control narcotic drugs more commonly known as marijuana and heroin. Count 2 involved the violation of the Georgia Drug Abuse Control Act in that the accused did unlawfully possess and have under his control amphetamine pills. He was sentenced to serve a term of 10 years and pay a fine of $1.00 as to Count 1 and pay a fine of $1.00 as to Count 2. The sentence followed the jury verdict. The appeal is from this judgment and sentence after a motion for new trial, that is, that the verdict is contrary to the evidence; without evidence to support it; decidedly against the weight of the evidence; and contrary to law and the principles of justice and equity. *Held:*

1. Under Rule 17 (c) (2) all unsupported claims of error are treated as abandoned. Since the appellant has not argued or supported the majority of the enumerations of error with authority in the brief except the general grounds of the motion for new trial, these enumerations of error are deemed to have been abandoned. See *Maddox v. State,* 118 Ga. App. 678 (1) (164 SE2d 861).

2. Since all conflicts in the testimony of witnesses are to be resolved by the jury as the trior of the facts, this court has no authority to reverse the judgment and verdict of the jury in a criminal case where the same is based on evidence and the same is authorized by that evidence. *Aycock v. State,* 62 Ga. App. 812 (10 SE2d 84); *Britt v. Davis,* 53 Ga. App. 783 (187 SE 125); *Martin v. State,* 95 Ga. 478 (20 SE 271); *Josey v. State,* 197 Ga. 82, 93 (28 SE2d 290); *Hogan v. State,* 221 Ga. 9 (2) (142 SE2d 778). The evidence shows that certain detectives of the Atlanta Police Department, having received complaints from citizens relating to narcotic and prostitution activities conducted in a certain hotel by the bellboys thereof, on a particular date, sent a decoy into the hotel to determine if drugs could be purchased. The decoy, having informed them that the same could be purchased, was supplied with a $10 bill, whose serial number had been recorded, and was instructed to make a "buy." The detectives observed the decoy approach the defendant, place the $10 bill in a telephone book right beside them, and the defendant handed the decoy a small package. As soon as the decoy approached the officers in the front part of the doorway they stepped in and retrieved from the decoy the package he had received, at which instant the defendant fled but was immediately apprehended. He was searched and marijuana and amphetamine pills were found on his person. The purchased package and the other drugs were taken to the crime laboratory where they were analyzed and found to be heroin, marijuana and amphetamine pills. The defendant offered two witnesses and his own sworn testimony in his defense in which he denied having the drugs or having committed the crime, and contended he had in fact been "set up" by the detectives. It is apparent that the jury chose to believe the police officers and not the defense witnesses. We find no merit in any of the enumeration of errors that are properly argued.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
SUBMITTED SEPTEMBER 15, 1971—DECIDED OCTOBER 1, 1971.

*Louise T. Hornsby,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode, Creighton W. Sossomon,* for appellee.