## 26649. MACK v. YOUMANS.

FELTON, Justice. 1. Waiver of counsel and the voluntary, intelligent entry of guilty pleas, cannot be presumed from a silent record, but must be affirmatively shown by the record, or by an allegation and evidence. Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274); *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892).

2. The record is otherwise silent as to the two above-mentioned acts of the accused and no such affirmative showing as is now required was supplied by affidavits of the trial judge and a state probation officer who was present at the trial in his official capacity, which affidavits were illegally admitted in evidence and considered on the habeas corpus hearing because they were filed some two months after the hearing (although prior to the judgment) and were not served on appellant, who, therefore, could not make any countershowing thereto.

3. Since the guilty plea was not shown to have been intelligently and voluntarily entered, the sentence under which the petitioner is serving is invalid and therefore his detention is unlawful. Accordingly, the judgment remanding him to the custody of the Warden of the Public Works Camp of Screven County is reversed with direction that the plea of guilty and sentence be vacated and that further proceedings be consistent with this opinion.

*Judgment reversed with direction. All the Justices concur.*
SUBMITTED SEPTEMBER 13, 1971—
DECIDED OCTOBER 21, 1971.

*Percy J. Blount,* for appellant.
*Harry H. Hunter,* for appellee.