## 27562. CAPPS v. AULT.

MOBLEY, Chief Justice. In this habeas corpus case, the attorney general in his brief points out that the record is silent on the question of whether or not the judge, who accepted the appellant's plea, questioned him to insure

that his plea was knowingly and voluntarily entered, and further, that there is no evidence in the record from which it can be determined whether his plea was valid under Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274); and *Purvis v. Connell*, 227 Ga. 764 (182 SE2d 892).

The Supreme Court of the United States, in Boykin v. Alabama, supra, p. 242, in dealing with a conviction for armed robberies held that "it was error, plain on the face of the record, for the judge to accept the petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." This court applied that ruling in *Purvis v. Connell*, supra.

Since the plea in the present case was not shown to have been intelligently and voluntarily entered, the sentence imposed is invalid and the detention is illegal. The judgment is reversed with direction that the plea of guilty and sentence be vacated and that appropriate action be taken by the trial court.

*Judgment reversed with direction. All the Justices concur.*

Argued November 14, 1972—Decided December 4, 1972—
Rehearing denied December 18, 1972.

*Thomas H. Harper*, for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Daniel I. MacIntyre, Deputy Assistant Attorney General, Larry H. Evans*, for appellee.