## 49074. CARNEY et al. v. THE STATE.

STOLZ, Judge.

The defendants appeal from the denial of their motions to withdraw their pleas of guilty to the offense of possession of marijuana.

The offense allegedly took place in Union County, Georgia. Subsequent to their arrest, the defendants were freed on bond, and retained counsel. On August 15, 1973, the defendants, with their counsel, appeared before the Hon. Jack N. Gunter, Judge of the Superior Courts of the Mountain Judicial Circuit (Habersham, Rabun, Stephens, Towns and Union Counties) in the Rabun County Courthouse in Clayton, Georgia, and in writing waived formal arraignment and indictment by the grand jury and pleaded guilty to an accusation charging the aforestated offense prepared by the district attorney. After a lengthy colloquy in which the judge questioned the defendants and determined that they fully understood the nature of the offense, the maximum punishment provided therefor, satisfaction with their counsel, and their right to a jury trial, the judge orally announced his sentence upon each defendant. The record does not reveal whether the sentences were reduced to writing and signed by the judge immediately thereafter or not. For the purpose of this opinion, we shall assume that such was done. The defendants expressed surprise that they were each given 2-year prison terms to serve, and asked their counsel to withdraw their guilty pleas. Within fifteen minutes of the time the judge made his oral announcement of sentence (and we assume signed

the written sentence), the defendants' counsel approached the judge and requested that the defendants be permitted to withdraw their guilty pleas. *Held:*

"Upon the arraignment of a prisoner, the indictment shall be read to him, and he shall be required to answer whether he is guilty or not guilty of the offense charged in the indictment, which answer or plea shall be made orally by the prisoner or his counsel. If he shall plead 'guilty,' such plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury; but, at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such former plea shall not be given in evidence against him on his trial." Code § 27-1404. "The pronouncement upon the prisoner the judgment of the law, as provided for in § 27-1404 of the Code, consists of the signing of the written sentence by the presiding judge *and its delivery to the clerk for the record.*" (Emphasis supplied.) *Wright v. State,* 75 Ga. App. 764, 767 (44 SE2d 569) and cits.; *Clark v. State,* 72 Ga. App. 603 (2) (34 SE2d 608) and cits.

The record discloses that the Clerk of the Union Superior Court was not present in the Rabun County Courthouse at the time the guilty pleas were taken. Thus, even if the sentences had been reduced to writing prior to the motion to withdraw being made, they could not have been "delivered to the clerk for record" prior to such time. Accordingly, under the authority of *Wright* and *Clark,* supra, we must hold that the trial judge erred in denying the motions to withdraw the guilty pleas.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 12, 1974 — DECIDED MARCH 7, 1974.

*Al Horn,* for appellant.
*V. D. Stockton, District Attorney,* for appellee.