## 28457. THIGPEN v. AULT.

INGRAM, Justice. This is a habeas corpus appeal resting primarily upon appellant's contention that he did not enter a plea of guilty to manslaughter on a murder indictment for which he received a sentence of ten years.

The record of the habeas corpus hearing includes a transcript of the plea hearing in McDuffie Superior Court. There was

extensive plea bargaining by appellant's counsel prior to the plea hearing resulting in the reduction by the state of the murder charge to manslaughter. The transcript of the plea hearing shows the trial court questioned appellant and his attorney in detail concerning the circumstances of the plea of guilty to manslaughter. Appellant answered affirmatively to questions addressed to him by the trial judge as to whether he had been afforded sufficient time to confer with his attorney, whether he had been fully advised of his constitutional rights and whether he was entering a guilty plea of his own free will. Appellant told the court, regarding his plea of guilty that he was "doing it freely and voluntarily." Appellant's attorney related to the court that a plea of guilty to voluntary manslaughter was being entered and that appellant understood what was taking place. However, neither appellant nor his attorney actually signed a plea of guilty on the back of the indictment or elsewhere.

A voluntary, intelligent entry of a guilty plea cannot be presumed from a silent record, but must be affirmatively shown. *Mack v. Youmans,* 228 Ga. 223 (1) (184 SE2d 648). There is ample evidence to support the determination by the habeas corpus trial court in this case that appellant freely, voluntarily and intelligently plead guilty with effective assistance of counsel to the lesser offense of voluntary manslaughter. This conclusion is not overcome by the absence of a written entry of the plea of guilty by appellant or his counsel. "Upon the arraignment of a prisoner, the indictment shall be read to him, and he shall be required to answer whether he is guilty or not guilty of the offense . . . which answer or plea shall be made orally by the prisoner or his counsel. If he shall plead 'guilty,' such plea shall be immediately recorded on the minutes of the court by the clerk . . ." Code § 27-1404. "If the clerk shall fail or neglect to record the . . . plea . . . at the time the same is made, it may and shall be done at any time afterward, by order of the court, and this shall cure the error or omission of the clerk." Code § 27-1406. See *Jackson v. Lowry,* 171 Ga. 349 (155 SE 466).

We hold that it was not necessary for appellant or his counsel to enter a written plea of guilty to the offense for which appellant was sentenced and the record affirmatively shows a plea of guilty was freely, voluntarily and intelligently entered by appellant with the effective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

Argued January 14, 1974 — Decided March 7, 1974.

*Walton Hardin,* for appellant.

*Smalley, Cogburn & Evans, Larry H. Evans, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, G. Stephen Parker, Deputy Assistant Attorney General,* for appellee.