## 29526. HYDE v. GREEN.

HILL, Justice.

Petitioner filed his writ of habeas corpus in the Superior Court of Chatham County alleging that his 1973 plea of guilty and sentence of twelve years for burglary in Pickens County was invalid for the following reasons: (1) that his constitutional rights were not explained to him during an interrogation by a representative of the Pickens County sheriff's department, and that he was not advised of his right to have an attorney present during that interrogation; (2) that having only a 1.5 educational level and being unable to read or write, he did not understand, nor was he capable of understanding, what the waiver of attorney form he signed was; (3) that the Pickens County Superior Court's explanation of the guilty plea and waiver of attorney documents was "biased" and not fully understood by him; (4) that he was not advised of his right to withdraw his guilty plea, which he would have done had he known he had this right; and (5) that he and his family were "enticed" by the Sheriff of Pickens County to plead guilty.

A hearing on the petition was held on April 25, 1974, at which the testimony of petitioner was given. The hearing was continued on respondent's motion so as to obtain the testimony of the Sheriff of Pickens County. On June 10, 1974, the hearing was resumed and the sheriff gave testimony contrary to petitioner's on the fifth issue raised in the petition.

The record on appeal consists of the petition, return and answer of the warden, initial and final order of the court, and the notice of appeal. Also included are the transcripts of the April 25 and June 10, 1974, hearings.

The transcript of the June 10 hearing was received in this court on April 21, 1975.

Although there are references in the record to transcripts of petitioner's guilty plea hearing, the record does not contain such transcripts.

There is nothing in the record before this court to show whether petitioner's guilty plea was knowingly and voluntarily entered. The admissions of the petitioner and the testimony of the sheriff do not establish the validity of the plea. Cf. *Bailey v. Baker,* 232 Ga. 84 (2) (205 SE2d 278).

Thus there is no way for this court to determine if his plea was validly entered under the standards of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). See *Capps v. Ault,* 229 Ga. 873 (195 SE2d 22).

For the foregoing reason, the judgment is reversed with direction that (1) a hearing be held at the earliest possible time by the court below for introduction of the said guilty plea transcript and determination of the validity of petitioner's plea of guilty (allegations 2-4 set out above) or (2) the plea of guilty and sentence be vacated and that other appropriate action be taken.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED DECEMBER 30, 1974 — DECIDED MAY 6, 1975.

Charles R. Hyde, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.