## 50321. MORGAN v. THE STATE.

MARSHALL, Judge.

Appellant was charged with murder and convicted by a jury of voluntary manslaughter, for which the judge sentenced him to twenty years. He appeals, enumerating 19 errors. *Held:*

1. When the appellant's case was called to trial, appellant's counsel moved for a continuance "to give us sufficient time to have the defendant examined by proper psychiatric authorities to determine two questions. The first is insanity at the time of the alleged commission of the murder in this case. The other question is his fitness to stand trial at this time." Counsel, the public defender, went on to relate that he had not had sufficient time to procure such psychiatric examination because he was not notified of the case until August 30, 1974, and, due to a trial in another town, was not able to interview appellant until September 2. The trial commenced the following week, September 7. In support of his motion, counsel called several witnesses, appellant's stepfather, sister, and mother, who related incidents of strange behavior on the part of appellant, such as blackouts, numerous

attempts at suicide, seizures, mental lapses, headaches, and acts of unexplained violence. There was no evidence that any of these incidents occurred at or near the time of the offense (August 25, 1974), or that his behavior on the night of the offense was anything but normal, except for his admitted drunkenness. Nor was there any evidence of any mental impediments to his standing trial. There was no medical evidence introduced by either side that would have any bearing on the appellant's mental capacity. No special plea of insanity had been filed by counsel under Code §§ 27-1502 to 27-1504.

The issue here is not that appellant was denied equal protection or due process of the law for failure of the court to provide medical assistance for his defense. See *Taylor v. State,* 229 Ga. 536 (192 SE2d 249); *Roach v. State,* 111 Ga. App. 114 (3) (140 SE2d 919). It is a question of adequacy of time for his counsel to prepare a defense. It is well settled that a motion for continuance for additional time to adequately prepare a defense addresses itself to the discretion of the trial court and the exercise of that discretion will not be disturbed on appeal unless it has been clearly abused. *Massey v. State,* 226 Ga. 703 (1) (177 SE2d 79); *Brawner v. State,* 221 Ga. 680 (9) (146 SE2d 737); *Carnes v. State,* 115 Ga. App. 387 (1) (154 SE2d 781).

We conclude that the circumstances presented above do not show an abuse of discretion. There are many cases wherein the denial of a request for continuance to procure further psychiatric examination was found not to be an abuse of discretion. *Campbell v. State,* 231 Ga. 69 (2) (200 SE2d 690); *Anderson v. State,* 222 Ga. 561 (2) (150 SE2d 638); *Chadwick v. State,* 221 Ga. 574 (1) (146 SE2d 283); *Adams v. State,* 214 Ga. 131 (1) (103 SE2d 550); *Harris v. State,* 211 Ga. 327 (1) (85 SE2d 770); *Blackston v. State,* 209 Ga. 160 (2) (71 SE2d 221); *Griffin v. State,* 208 Ga. 746 (2) (69 SE2d 192). A reading of these cases and others reveals the wide latitude given trial judges in deciding motions for continuance. See also ABA Standards for Criminal Justice, VI Speedy Trial, § 1.3. However, the question in this case is close, and where the motion is based on evidence that reasonably indicates mental instability on the part of the defendant at the time of the offense or at the time of trial and where the motion is not

made for the mere purpose of delay and avoidance of prosecution, the interests of justice might be better served if the trial court's discretion were exercised in favor of the defendant.

2. Appellant objected at trial to the testimony of the sheriff that he observed the victim at the hospital after the shooting and that he was not breathing and his heart had stopped beating. This testimony was not objectionable as opinion evidence from a non-expert, but was testimony of observed facts and was properly admitted. See *Bland v. State,* 210 Ga. 100 (5) (78 SE2d 51); *Allen v. State,* 71 Ga. App. 517 (31 SE 107); 11 EGL, Evidence, § 14 (1967).

3. Enumerations of error 3, 4 and 5 contend that the prosecutor's remarks and conduct were prejudicial and should have resulted in a mistrial. We have read the transcript and find the prosecutor's conduct proper.

4. Enumerations of error 6 and 7 contest the admissibility of the sheriff's testimony as to what a defense witness told him after the shooting. It was introduced by the prosecutor, after the defense rested, in rebuttal to the defense witness' direct testimony. As such, it would have been admissible to impeach the witness by prior contradictory statements, under Code § 38-1803, but the jury was not instructed to consider it solely for that purpose. Declarations of a witness who is not a party made out of court which are admissible only for the purpose of impeachment are not substantive evidence. *Perdue v. State,* 126 Ga. 112 (6) (54 SE 820); *Henry Grady Hotel Corp. v. Grady Motors,* 96 Ga. App. 416, 420 (100 SE2d 125).

However, the trial court's failure to so limit the jury's consideration of the statement was harmless beyond a reasonable doubt. The statement given to the sheriff and the testimony of the defense witness at trial contain substantially the same facts, so that, if considered by the jury as substantive evidence, it could not have been harmful.

5. Enumerations 8 through 17 are not supported by argument nor citation of authority in appellant's brief and are deemed abandoned. *Martin v. State,* 223 Ga. 649 (7) (157 SE2d 458); *Turner v. State,* 124 Ga. App. 515 (1) (184 SE2d 488).

6. During the sentencing phase of the bifurcated trial, the state introduced two prior criminal convictions of appellant under Ga. L. 1974, pp. 352, 357 (Code Ann. § 27-2503) which were guilty pleas to (1) possession and transportation of 30 gallons of nontax-paid liquor in July, 1968, and (2) driving under the influence and without a license in May, 1969. He was sentenced on the first two-count conviction to serve one year in jail on each count, to run consecutively, plus a $2,006.50 fine; and on the second conviction to a suspended jail term and suspended driver's license. The record fails to show that he was represented by counsel on either of these prior convictions. Appellant objected to their admissibility for this reason, and appeals the overruling of his objection.

The Georgia Supreme Court, in *Clenney v. State,* 229 Ga. 561 (4) (192 SE2d 907), recognized the applicability of Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799) to prior felony convictions introduced during the sentencing phase to increase punishment. It was established in the case of Burgett v. Texas, 389 U. S. 109, 115 (88 SC 258, 19 LE2d 319) that "To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right." See also Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374) and United States v. Tucker, 404 U. S. 443 (92 SC 589, 30 LE2d 592).

However, in all of those cases, and in others which have followed (*Hopper v. Thompson,* 232 Ga. 417 (207 SE2d 57); *Fowler v. State,* 132 Ga. App. 812 (209 SE2d 255)); the prior convictions were *felonies.* In fact, the mandate of Gideon v. Wainwright, supra, and Burgett v. Texas, supra, applies only to felonies. Here all of appellant's prior convictions that were introduced were *misdemeanors.* We are aware of the Supreme Court ruling of Argersinger v. Hamlin, 407 U. S. 25, 37 (92 SC 2006, 32 LE2d 530) which holds that the Sixth Amendment right to counsel extends to "any offense, whether classified as petty, misdemeanor, or felony" wherein a person may be

imprisoned. But we are not asked by counsel nor are we aware of authority to extend Argersinger to prior misdemeanor convictions as Gideon was extended to prior felony convictions. *Stonaker v. State,* 134 Ga. App. 123 (6) (213 SE2d 506). These prior misdemeanor convictions were properly considered.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED MARCH 3, 1975 — DECIDED MAY 27, 1975 — REHEARING DENIED JUNE 17, 1975 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*E. Kontz Bennett, Jr.,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.