## 30282. MORGAN v. THE STATE.

JORDAN, Justice.

Appellant was indicted for murder and convicted of voluntary manslaughter. During the sentencing phase the state introduced two prior misdemeanor convictions of appellant without counsel, to which appellant objected. The Court of Appeals affirmed, holding that it was unaware of any authority which made Argersinger v.

Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1971), retroactive to prior misdemeanors. *Morgan v. State,* 135 Ga. App. 139 (217 SE2d 175) (1975). We granted certiorari on this issue alone and now reverse.

This court in *Houser v. State,* 234 Ga. 209 (214 SE2d 4) (1975) applied the 1971 Argersinger rule to a 1972 misdemeanor conviction. We are therefore confronted squarely with the question of its retroactivity for the first time. We hold today that without a valid waiver, the lack of counsel at a trial for a misdemeanor so affects the integrity of the fact-finding process and the reliability of the guilty verdict that the ruling in Argersinger must be retroactively applied. See Marston v. Oliver, 485 F2d 705 (4th Cir. 1973); Cottle v. Wainwright, 477 F2d 269 (5th Cir. 1973).

In Argersinger, the court held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U. S. 37. The court did not find it necessary to reach the retroactivity question.

The Supreme Court has applied retrospectively constitutional rules of criminal procedure where the principles went to the very integrity of the fact-finding process and therefore the fairness of the trial, raising serious questions concerning the accuracy of guilty verdicts in past trials. Adams v. Illinois, 405 U. S. 278 (92 SC 916, 31 LE2d 202) (1971); Williams v. United States, 401 U. S. 646 (91 SC 1148, 28 LE2d 388) (1971); Linkletter v. Walker, 381 U. S. 618 (85 SC 1731, 14 LE2d 601) (1964). The Supreme Court retroactively applied Gideon v. Wainwright, 372 U. S. 335 (83 SC 792, 9 LE2d 799) (1963), which gave the right to counsel in felony cases, as the lack of counsel jeopardized the accuracy and fairness of the entire trial. See Pickelsimer v. Wainwright, 375 U. S. 2 (84 SC 80, 11 LE2d 41) (1963).

We are unable to see how the integrity of a misdemeanor conviction can be any less affected by a lack of counsel than a felony conviction. In fact, the Supreme Court in Argersinger, supra, p. 33, stated that they were not "convinced that legal and constitutional questions involved in a case that actually leads to imprisonment

even for a brief period are not less complex than when a person can be sent off for six months or more." The requirement of a fair trial is the same in both felony and misdemeanor trials as requirements of due process do not distinguish between long and short incarcerations.

Therefore we reverse the judgment of the Court of Appeals as to this issue, and remand for re-sentencing in accordance with this opinion.

*Judgment reversed with direction. All the Justices concur, except Undercofler, P. J., Ingram and Hall, JJ., who dissent.*

Submitted November 7, 1975 — Decided December 2, 1975.

*E. Kontz Bennett,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.

Hall, Justice, dissenting.

I dissent to the unprecedented application the majority opinion gives to Argersinger v. Hamlin, 407 U. S. 25 (1971). Argersinger applies only "where imprisonment actually occurs . . . those [sentences] that end up in the actual deprivation of a person's liberty." Id. pp. 39, 40. The imposition of a suspended sentence, such as Morgan received on one conviction here in issue, does not invoke Argersinger: "It is noted that as to the first of Cottle's convictions . . . [he] received a . . . suspended sentence, but there is nothing in the record to show that Cottle was imprisoned for this conviction. If that is so, then the rule in Argersinger does not apply." Cottle v. Wainwright, 477 F2d 269, 275 (5th Cir. 1973).

The majority opinion applies Argersinger to all misdemeanor cases irrespective of whether there was actual imprisonment. This means all felony sentences in which previous misdemeanor sentences were considered in the sentencing phase of the trial are now subject to attack throughout the state if the record is silent as to whether the accused was represented by counsel.

I am authorized to state that Presiding Justice Undercofler and Justice Ingram join in this dissent.