## 30480. BOSTICK v. RICKETTS.

HALL, Justice.

A Clarke County jury convicted appellant of his third offense of motor vehicle theft and sentenced him as a recidivist to ten years pursuant to Code Ann. § 26-1813 (b) (Ga. L. 1968, pp. 1249, 1295; 1969, pp. 857, 861). Appellant's conviction was affirmed on appeal, and after incarceration he initiated these proceedings for a writ of habeas corpus. After a hearing, the habeas court remanded the appellant to custody. He appeals the court's ruling, contending first that it erred by holding that by his failure to object to the recidivist portion of the indictment going unmasked to the jury, appellant waived his right to preclude the jury's knowing that he was charged with

having a prior record for motor vehicle theft. Appellant was represented at trial by an attorney whose competence he does not attack.

During the guilt-innocence phase of the trial, the state attempted to introduce into evidence the records of appellant's two prior convictions for motor vehicle theft. Pursuant to his counsel's objection, the evidence was rejected by the trial court. Nonetheless, allegations of prior convictions appearing in the recidivist portion of the indictment went unmasked to the jury during their deliberations without objection by appellant's counsel. The trial court, however, charged the jury that they were not to "concern" themselves "at this stage of the trial with the issue of any prior conviction of the defendant."

1. We have recently held than an accused must be indicted as a recidivist in order for recidivist punishment to be imposed, but also that to comport with the legislative intent in adopting the two-step felony proceeding, absent waiver, the evidence of recidivism of the accused must not be disclosed during the first phase of the trial. *Riggins v. Stynchcombe,* 231 Ga. 589 (203 SE2d 208) (1974). However, as we subsequently pointed out in *Cofer v. Hopper,* 233 Ga. 155, 156 (210 SE2d 678) (1974), the accused may waive the benefit of this statutory right by failing to make proper objection to the introduction by the state of evidence of the prior convictions. In the present case, the question is whether appellant's failure to object to the unmasked indictment's going to the jury constitutes a waiver of whatever right he had to have kept it from them. (*Riggins* was not decided until after appellant's trial.) Of course, an indictment is not evidence and cannot be treated as such by the jury. Although trial courts customarily allow the indictment to go to the jury, its viewing by the jury is not required.

If, under *Cofer,* failure to object to *evidence* waives the right, it cannot be questioned that failure to object to the jury's seeing mere allegations of recidivism waives the objection. We cannot agree with appellant that the previous objection to the introduction of evidence in support of the recidivism allegations should have been construed broadly enough to apply to the unmasked indictment itself. In this, as in procedural matters

generally, one must assert his rights properly or face the possibility of their being forever lost. We rule that appellant has waived the claim he now seeks to assert: his attorney's actions were all the "waiver" required. Appellant himself is bound by the waiver despite the fact that nothing in the record shows that he personally participated in the decision. This is not the sort of "inherently personal fundamental right" which may only be waived by the defendant and not by his attorney. See Winters v. Cook, 489 F2d 174, 179 (5th Cir. 1973).

2. At the second phase of the trial, the jury found that appellant had been convicted of two prior motor vehicle thefts, and sentenced him to the minimum recidivist sentence—10 years. Subsequently, his attorney orally moved the court to probate a portion of the sentence because of favorable testimony given by a parole officer. The court, aloud, read over his entire previous record, including three offenses appellant claims are invalid uncounseled misdemeanor convictions, as well as a number of prior felony convictions which appellant does not challenge, and refused to probate any part of the sentence.

Appellant now enumerates as error the court's consideration of his misdemeanor convictions imposed while he was an uncounseled indigent, as "enhancement" of his present sentence in claimed violation of Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972), which was declared retroactive in Berry v. Cincinnati, 414 U. S. 29 (94 SC 193, 38 LE2d 187) (1973). We find no need to require that appellant be resentenced without consideration of these challenged convictions, which is the relief he requests, because we are convinced that consideration of them was harmless on these facts.

As an initial matter, we note that if appellant was non-indigent at the time of the challenged convictions, failure to retain counsel would be waiver of counsel and no relief could be had now. The burden of proving his then-indigency, which must be proved to show "denial" of counsel, is appellant's (see Thomas v. Savage, 513 F2d 536, 538 (5th Cir. 1975)), and the record appellant made on this point at his evidentiary hearing was far from

adequate to carry this burden. However, we do not ground our decision on this fact.

It is clear that even though a misdemeanor conviction has been obtained in violation of Argersinger, consideration of it during the sentencing phase of a trial may nonetheless be harmless error on the facts. Barnes v. Estelle, 518 F2d 182 (5th Cir. 1975); Thomas v. Savage, 513 F2d 536 (5th Cir. 1975). Though this court very recently, in *Morgan v. State,* 235 Ga. 632 (221 SE2d 47) (1975), reversed and remanded for resentencing when sentence had been imposed after consideration of prior uncounseled misdemeanor convictions, that case should not be read to mean that consideration of such convictions may not be harmless error on appropriate facts.

Here, appellant had been convicted by the jury as a recidivist; he additionally had upon his record, then before the court, numerous other felony convictions; and the request made was an extremely optimistic one—namely, that despite the fact that he had received the minimum sentence allowable, he should nonetheless be allowed to serve part of it on probation. On these facts we conclude that denial of the request was, beyond a reasonable doubt, not predicated on the challenged misdemeanor convictions, and the court's consideration of them was harmless error.

All enumerations have been considered and found without merit; the judgment remanding appellant to custody will be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Hill, JJ., who dissent.*

ARGUED NOVEMBER 10, 1975 — DECIDED FEBRUARY 17, 1976.

*James C. Bonner, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.

JORDAN, Justice, dissenting.

I dissent from Division 1 of the majority opinion which holds that the appellant waived his right to have evidence of prior convictions barred from the jury in the

guilt-innocence phase of his trial. The appellant in this case objected to the state's attempted introduction of the actual records of prior convictions, and this objection was properly sustained by the trial court and the evidence rejected. By making specific objection to the introduction of the actual records of his prior convictions, which constituted the highest and best evidence of that fact, the appellant negated any intention to waive his right not to have the same information go to the jury in an unmasked indictment. The facts here are substantially different from those in *Cofer v. Hopper,* 233 Ga. 155, 156 (210 SE2d 678) (1974) in which the appellant in that case allowed the introduction of records of prior convictions without objecting thereto.

In my opinion the trial court erred in not finding a substantial denial of the appellant's rights. I would reverse.

I am authorized to state that Justices Gunter and Hill concur in this dissent.