## 30628. JOHNSTON v. THE STATE.

UNDERCOFLER, Presiding Justice.

The appellant was declared to be an habitual violator against the motor vehicle and traffic laws and was barred from operating a motor vehicle upon the public highways of this state under Code §§ 92A-455, 92A-463 (Acts 1972, p. 1086, as amended, and now repealed by Acts 1975, pp. 1008, 1044). He appeals.

The appellant contends that the Act of 1972 under which he was barred from operating a motor vehicle upon the public highways of this state is void because it deprives him of the right of trial by jury, is an ex post facto law, constitutes double jeopardy, and deprives him of his right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the U. S. Constitution (Code §§ 1-806, 1-815). *Held:*

1. The habitual violator statute does not constitute double jeopardy and it is not an ex post facto law. McDonald v. Massachusetts, 180 U. S. 311 (21 SC 389, 45 LE 542); *Tribble v. State,* 168 Ga. 699 (1a) (148 SE 593) (1929); *Coleman v. State,* 215 Ga. 865 (2) (114 SE2d 2) (1966); *Fowler v. State,* 235 Ga. 535 (221 SE2d 9) (1975); 39 AmJur2d 311, § 5.

2. The habitual violator statute does not deny the appellant his right to trial by jury under the State and Federal Constitutions (Code §§ 2-105, 1-806).

The habitual violator statute declared it to be the policy of the state to provide maximum safety for all persons who use the highways of the state; to deny the privilege of operating motor vehicles on such highways to persons who by their conduct, attitude and record have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of this state, the orders of her courts and the statutorily required acts of her administrative agencies, and to discourage repetition of criminal acts by individuals against the peace and dignity of this state and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws. Code Ann. § 92A-455.

The right to operate a motor vehicle upon the public highways of this state is a qualified right which can be exercised by obtaining a license from the state. "The State may impose reasonable conditions upon the issuance of such license." *Dennis v. State,* 226 Ga. 341 (1) (175 SE2d 17) (1970).

The proceeding under the habitual offender statute is not a criminal proceeding. The sole purpose of the statute is designed to determine if the past record of a motor vehicle driver is such that he has become a menace on the highways and is a habitual offender. No fines are imposed and no loss of liberty is involved in the proceeding. The only result of the habitual violator statute is a direction by the court to such "person not to operate a motor vehicle on the public highways of the State of Georgia." Code Ann. § 92A-460. Whorley v. Commonwealth of Virginia, 215 Va. 740 (214 SE2d 447) (1975). Compare *Johnson v. State,* 214 Ga. 818 (108 SE2d 313) (1959).

3. The appellant contends that his right to counsel guaranteed by the Sixth and Fourteenth Amendments to the U. S. Constitution was violated when the court considered cases in which he was convicted of the misdemeanor of driving under the influence when he was not represented by counsel. He contends that Argersinger v. Hamlin, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972) requires that in misdemeanor proceedings where an accused is faced with the possibility of imprisonment, that counsel must be afforded him. Assuming but not deciding that the criminal convictions can be attacked in this proceeding, we do not agree with appellant's interpretation of Argersinger.

In Argersinger, supra, p. 38, the U. S. Supreme Court said: "The fact that traffic charges technically fall within the category of 'criminal prosecutions' does not necessarily mean that many of them will be brought into the class where imprisonment actually occurs.

"The American Bar Association Project on Standards for Criminal Justice states: 'As a matter of sound judicial administration it is preferable to disregard the characterization of the offense as felony, misdemeanor or traffic offense. Nor is it adequate to require the provision

of defense services for all offenses which carry a sentence to jail or prison. Often, as a practical matter, such sentences are rarely if ever imposed for certain types of offenses, so that for all intents and purposes the punishment they carry is at most a fine. Thus, the standard seeks to distinguish those classes of cases in which there is real likelihood that incarceration may follow conviction from those types in which there is no such likelihood. It should be noted that the standard does not recommend a determination of the need for counsel in terms of the facts of each particular case; it draws a categorical line at those *types* of offenses for which incarceration as a punishment is a practical possibility.'

"Under the rule we announce today, *every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel.* [Emphasis supplied.] He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts.

"The run of misdemeanors will not be affected by today's ruling. But in those that end up in the actual deprivation of a person's liberty, the accused will receive the benefit of 'the guiding hand of counsel' so necessary when one's liberty is in jeopardy."

The ruling by a majority of this court in *Morgan v. State,* 235 Ga. 632 (221 SE2d 47) (1975) is not applicable to a misdemeanor conviction where the accused was not deprived of his liberty.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 19, 1976 — DECIDED FEBRUARY 25, 1976.

G. Hughel Harrison, for appellant.

*William Bryant Huff, District Attorney, R. A. Barnaby, II, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daniel I. MacIntyre, Assistant Attorney General,* for appellee.