## 53199. JONES v. THE STATE.

STOLZ, Judge.

The appellant was indicted for murder and pleaded not guilty. The following day he withdrew that plea and entered a plea of guilty to voluntary manslaughter, whereupon he was sentenced to nine-years' imprisonment. Eleven months later, he filed a motion to withdraw his plea of guilty on the grounds that he had been unaware at the time of entering the plea, not having been informed by his counsel or the judge, that intent was an element of the offense or that his history of education, mental status and lack of understanding of all the facts precluded an intelligent, knowledgeable plea, and because his defense was impaired due to the absence of a defense witness.

The appeal is from the order denying the motion to withdraw the plea of guilty of voluntary manslaughter.

1. The motion to withdraw the plea of guilty was properly denied, because it was filed after the signing of the written sentence by the presiding judge and its delivery to the clerk for the record. *Carney v. State,* 131 Ga. App. 209 (205 SE2d 518) (1974) and cits.

2. Moreover, even if the above ground be considered invalid, a review of the transcript of the record reveals no grounds for reversal.

The case of Henderson v. Morgan, —U. S.— (96 SC 2253, 49 LE2d 108) (1976), relied upon in the appellant's motion, was properly distinguished by the trial judge. That case was based on New York law as to murder in the second degree, which differs from voluntary manslaughter under Georgia law in that in Georgia, unlike in New York, murder requires deliberate intention, or malice, but manslaughter does not, and manslaughter requires provocation. Therefore, the

element of intent was properly not mentioned to the appellant at the time he entered his plea.

The alleged impairment of the appellant's defense is not a ground for reversal of the denial of the motion to withdraw the plea of guilty, because that plea waived any defense.

The record shows that the appellant was represented by counsel when he entered his plea and that he freely and voluntarily consented to the plea after a full hearing in which he was advised by both his counsel and the judge of all of his rights, the consequences of the plea, etc.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 14, 1977.

Eddie Lee Jones, *pro se.*

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.