## 33578. WARNER v. JONES.

JORDAN, Justice.

This appeal is from a judgment denying the appellant relief in a post-conviction habeas corpus proceeding.

The appellant entered a plea of guilty to child abandonment on September 7, 1976. He was given a sentence of twelve months, which was suspended on the condition that he pay $17.50 per week per child for the support of his four children during their minority. His suspended sentence was revoked on October 11, 1977, and he began service of the sentence.

The petition for habeas corpus alleged: The appellant was indigent when he entered his guilty plea in September, 1976. He did not intelligently and voluntarily plead guilty to the charge of child abandonment because he was not aware of the fact that he could not be guilty of the charge by reason of his involuntary inability to pay child support, and he was unaware of the consequence of his plea, that it could subject him to twelve months confinement until the majority of his children. Code Ann. § 27-2709 (Ga L. 1972, pp. 604, 609). He had no funds with which to hire counsel when he was charged with the crime of child abandonment, and he did not waive his right to counsel despite his indigency. His probation was revoked in proceedings in which he was not afforded an opportunity to present a defense or confront the witnesses against him. (In view of the ruling hereafter made it is unnecessary to deal with the legality of the revocation.)

At the habeas corpus hearing the appellant testified concerning his guilty plea: He was indigent at the time he entered his plea. He did not have an attorney, and was not aware that he had the right to appointed counsel. He explained to the solicitor that he had no funds. He was in arrears on the payments due for child support under a divorce decree because he had been unemployed. He was not voluntarily in arrears, but no one told him that voluntariness was an element of the offense charged. He was not aware of the sentence he could get, and he did not know about the suspension feature which would subject

him to imprisonment for failure to pay child support until his children reached majority.

The respondent-appellee introduced the testimony of an investigator in the solicitor's office. The investigator testified: He was employed in August, 1977, nearly a year after appellant entered his plea. He recalled that at the time of the revocation of the appellant's sentence he made a general announcement to all the people who were brought in the state court for guilty pleas or for abandonment revocation hearings that they had the right to an attorney, and if they could not afford one, the court would appoint one. He had been instructed by the solicitor that this was the proper procedure to follow, and it is the standard procedure in the office. There was no testimony relating to the time when appellant entered his guilty plea.

The habeas corpus judge found that the appellant was aware of his right to counsel, and that he voluntarily and intelligently entered a plea of guilty to charges of child abandonment. He remanded the appellant to the custody of the warden.

"Waiver of counsel and the voluntary, intelligent entry of guilty pleas, cannot be presumed from a silent record, but must be affirmatively shown by the record, or by an allegation and evidence. Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274); *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892)." *Mack v. Youmans,* 228 Ga. 223 (1) (184 SE2d 648) (1971); *Clenney v. State,* 229 Ga. 561, 565 (192 SE2d 907) (1972); *Capps v. Ault,* 229 Ga. 873 (195 SE2d 22) (1972); *Roberts v. Greenway,* 233 Ga. 473, 475 (1) (211 SE2d 764) (1975); *Blaylock v. Hopper,* 233 Ga. 504, 505 (1) (212 SE2d 339) (1975); *Andrews v. State,* 237 Ga. 66 (1) (226 SE2d 597) (1976); *Campbell v. State,* 128 Ga. App. 74, 75 (1) (195 SE2d 664) (1973); *Rose v. State,* 128 Ga. App. 370 (196 SE2d 683) (1973).

There was no transcript of the guilty plea hearing. The appellant's testimony that he was indigent at the time of the hearing was not contradicted. The testimony of an investigator in the solicitor's office, employed after the appellant's guilty plea was received, was insufficient to meet the respondent's burden of providing a waiver of appointed counsel and a voluntary and intelligent entry

of a guilty plea.
*Judgment reversed. All the Justices concur.*

ARGUED MAY 9, 1978 — DECIDED
JUNE 28, 1978.

*James C. Bonner, Jr.,* for appellant.