57035. DUNCAN v. THE STATE.

BELL, Chief Judge.

Defendant entered a plea of guilty to burglary and was sentenced to an indeterminate sentence under the Youthful Offender Act. Code Ann. §§ 77-345 through

686

77-360. Following this judgment, in a habeas corpus suit, the sentence was set aside as defendant was not eligible to be sentenced under the Youthful Offender Act, and the court ordered the case remanded for resentencing, stating that the petitioner's plea of guilty and his conviction were valid and not affected by the order. Accordingly, after hearing argument, defendant was resentenced and advised of his right to withdraw his plea. After the sentence was filed with the clerk, defendant requested that the court allow him to withdraw his guilty plea. Defendant appeals the denial of this motion. *Held:*

1. As the record clearly shows that the original plea of guilty was intelligently and voluntarily entered, and the conviction based on the plea was final and was not affected by the judgment in the habeas corpus suit, the trial judge was not required again on resentencing to inquire whether the plea was voluntarily made. See *Barksdale v. Ricketts,* 233 Ga. 60, 61, 62 (209 SE2d 631).

2. Defendant has a right to withdraw his guilty plea as provided in Code § 27-1404 when he does so before the sentence is entered in writing by the trial judge and delivered to the clerk for filing. *Jones v. State,* 141 Ga. App. 284 (233 SE2d 258). The transcript reveals that the trial judge advised defendant twice before the sentence was pronounced and filed that he had the right to withdraw his plea, and he failed to do so. After a sentence has been filed with the clerk, it is discretionary with the trial judge whether he will permit withdrawal. *Smith v. State,* 231 Ga. 23 (200 SE2d 119). Defendant did not move to withdraw until the sentence was entered. Thus withdrawal of the plea was discretionary with the trial judge and no abuse of discretion has been shown.

*Judgment affirmed. Webb and Banke, JJ., concur.*

Submitted January 3, 1979 — Decided January 11, 1979.

*Thompson, Fox & Brinson, George W. Brinson,* for appellant.

*Jeff C. Wayne, District Attorney,* for appellee.