### 61045. STARKS v. THE STATE.

SOGNIER, Judge.

The sole issue in this case is whether it was error to give the jury a copy of the indictment of Starks as a recidivist, showing his prior criminal record, and to allow the jury to have the indictment during their deliberations on the guilt or innocence of Starks.

Prior to giving the indictment to the jury, the portion of the indictment containing Starks' prior convictions was masked, and appellant made no objection at trial to giving the indictment so masked to the jury. Further, the trial court instructed the jury that the indictment was not evidence and should not be considered as evidence by the jury. In *Bostick v. Ricketts,* 236 Ga. 304, 305-306 (1) (223 SE2d 686) (1976), our Supreme Court held that failure to object to the jury's seeing, *unmasked,* mere allegations of recidivism waives any objection to the jury seeing such allegations. In *Bostick,* the prior criminal record was *unmasked;* hence, no error would be committed by giving a jury, without objection, an indictment with the prior criminal record *masked.*

Finally, we note that after the jury announced its findings, the court asked the jury if any juror raised the masking and read any part of the indictment that was masked; the jury foreman responded that no one had done so. Again, appellant interposed no objection. Under such circumstances, there was no error.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 19, 1981.

*H. Haywood Turner III,* for appellant.

*William J. Smith, District Attorney,* for appellee.