### 76589. SMITH v. THE STATE.
(372 SE2d 483)

BENHAM, Judge.

Appellant was convicted of homicide by vehicle in the second de-

gree. OCGA § 40-6-393 (b). On appeal he takes issue with an instruction given the jury by the trial court during appellant's closing argument.

During his closing argument, appellant's trial attorney informed the jury that "when the defendant introduces evidence of good character, the State has the right to introduce and call witnesses to prove any and everything that the fellow who puts his character in issue ever did wrong . . . when a person puts into evidence that they are a good driver and a safe driver, the State has the right to bring in evidence to show any traffic infraction that he's ever been accused of and there's not a single one." The State voiced an objection on the ground that appellant's prior convictions, if any, that were entered when appellant was not represented by counsel were not admissible. The trial court agreed, and told the jury that "the Court states to you that other violations, if there were such, may be admissible in Court only if the defendant was represented by counsel." Appellant maintains that the trial court's instruction to the jury was an improper statement of the law. We disagree.

In the course of the trial, appellant called several witnesses who testified that appellant's reputation in the community was good. Appellant contends that he "opened the character door" with this testimony, thereby permitting the State to bring to the jury's attention "any and everything [appellant] ever did wrong" and "any traffic infraction that [appellant was] ever accused of. . . ." While the State may "explore specific acts of bad conduct on cross-examination of the defendant's character witnesses for the purpose of testing the witnesses' knowledge of the defendant's reputation [cits.]" (*Jones v. State*, 257 Ga. 753, 758 (fn. 8) (363 SE2d 529) (1988)), it may not use a conviction obtained when a defendant was deprived of his constitutional right to assistance of counsel. *Loper v. Beto*, 405 U. S. 473, 483 (92 SC 1014, 31 LE2d 374) (1972); *Morgan v. State*, 235 Ga. 632 (221 SE2d 47) (1975); *Houser v. State*, 234 Ga. 209 (15) (214 SE2d 893) (1975). Thus, the trial court's instruction challenged by appellant was a correct statement of the law.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Floyd W. Keeble, Jr.*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney*, for appellee.