## S99A0712. PARKS et al. v. McCLUNG.
### (524 SE2d 718)

THOMPSON, Justice.

The issue for decision in these consolidated habeas corpus cases is whether the petitioners, Shelby L. Parks and Curtis W. Baker, made a knowing and intelligent waiver of their right to counsel when, at the time they were arraigned, they pleaded guilty. We hold that petitioners did make such a knowing and intelligent waiver and that, therefore, their convictions and sentences are constitutionally valid.

Petitioners were arraigned in the State Court of Sumter County.[1] Each petitioner pleaded guilty and received a sentence which included a period of incarceration followed by probation; each petitioner served his incarcerated sentence; and each petitioner subsequently had his probation revoked.[2] Thereafter, petitioners filed these petitions for habeas corpus relief, asserting they were denied their right to counsel when they pleaded guilty without a lawyer; and that, therefore, their probated sentences could not be revoked.

The habeas corpus court denied relief, ruling that petitioners were advised of their right to counsel and that they knowingly, intelligently, and voluntarily waived that right. We granted a certificate of probable cause to appeal.

A verbatim record of the guilty plea hearings was not made.[3] And neither the state court judge nor the solicitor could recall precisely what transpired when petitioners were arraigned. However, the record does demonstrate that prior to announcing a plea, petitioners were given a "waiver of rights" form; and that each petitioner

---

[1] Petitioner Baker was arraigned on September 20, 1995, and charged with driving under the influence and driving with a suspended license. Petitioner Parks was arraigned on July 3, 1996, and charged with deposit account fraud.

[2] Petitioner Baker was sentenced to thirty days in jail and two years probation. His probation was revoked on January 22, 1997. Petitioner Parks was sentenced to four days in jail and two years probation. His probation was revoked on April 30, 1997.

[3] These hearings took place long before our decision in *King v. State,* 270 Ga. 367, 372 (3).(509 SE2d 32) (1998), which interpreted Uniform State Court Rule 33.11 so as to require a verbatim record of a guilty plea hearing in state court when a defendant is sentenced to a term of imprisonment. *King* was effective on February 25, 1999, the date the opinion was published in the advance sheets.

signed or initialed this form. Although the form signed by Parks and the form signed by Baker were not identical, they differed in only minor respects and read, essentially, as follows:

> I have been advised and do understand that I may plead guilty or not guilty, and that if I plead not guilty I may have a trial by jury, with the right to confront and cross-examine the witnesses against me. I understand that if I desire a trial, I have the right to subpoena witnesses into court to testify in my defense. I also have been advised and do understand that if the court should conclude that I am indigent (financially unable to employ a lawyer), a lawyer will be appointed to defend me. I have not been threatened or coerced in any way to plead guilty, nor have I been promised any hope of reward to get me to plead guilty. I understand that the possible penalty for a misdemeanor is 12 months in prison and a $1,000 fine. Being so advised and understanding the rights stated herein, I do hereby freely and voluntarily enter my plea to the above charge(s).

Each petitioner also signed the following statement which was set forth separately on the form: "I do not desire a lawyer, appointed or employed, and waive the right to have an appointed or employed lawyer to represent me."

Routinely,[4] if a defendant was arraigned in the State Court of Sumter County and he signed the "waiver of rights" form, he was asked to announce his plea.[5] If he responded that he was guilty, the court would have made sure that a defendant knew that he had a right to an attorney and, if he was unable to afford an attorney, one would be appointed to represent him. In addition, the court would have advised a defendant of his other constitutional rights; it would have asked a defendant whether he understood that by pleading guilty he was waiving his constitutional rights, including the right to counsel. The court would also have inquired whether a defendant understood the charges against him and the consequences of a guilty plea. In that regard, the court would have told a defendant of the parameters of the sentence which could be imposed. It was only after this colloquy, and after it satisfied itself that a defendant made a knowing, voluntary and intelligent waiver of his rights, including the right to counsel, that the court would have accepted a guilty plea.

The right to counsel attaches when a defendant is placed on trial

---

[4] Evidence of a routine or standard procedure can be used to establish a waiver of the right to counsel. *Jackson v. Hopper*, 243 Ga. 41, 42 (252 SE2d 467) (1979).

[5] If a defendant was incapable of reading the form, it was read to him.

for any offense, whether a felony or a misdemeanor, and faces imprisonment.[6] *Argersinger v. Hamlin*, 407 U. S. 25 (92 SC 2006, 32 LE2d 530) (1972). However, our courts have held that a defendant is not entitled to court-appointed counsel unless he is actually imprisoned. *Brawner v. State*, 250 Ga. 125 (2) (296 SE2d 551) (1982); *Johnston v. State*, 236 Ga. 370 (223 SE2d 808) (1976); *Smith v. State*, 211 Ga. App. 567 (440 SE2d 44) (1993), rev'd on other grounds, *State v. Smith*, 264 Ga. 634 (452 SE2d 90) (1994); *Capelli v. State*, 203 Ga. App. 79 (416 SE2d 136) (1992).

Although petitioners received both incarcerated and probated sentences, they served the incarcerated sentences; their challenge, in these habeas corpus petitions, is to the probated sentences which were revoked subsequently. We must inquire, therefore, whether petitioners' subsequent incarceration, based on the revocation of their probation, violated their right to counsel.

Where a defendant is given a conditional, probated sentence, he is not entitled to court-appointed counsel. Id. This is not to say, however, that a court can revoke a defendant's probation if he was denied his right to counsel when he was placed on probation. In *Morgan v. State*, 135 Ga. App. 139, 142 (6) (217 SE2d 175) (1975), rev'd, *Morgan v. State*, 235 Ga. 632 (221 SE2d 47) (1975), defendant was convicted of voluntary manslaughter and, during sentencing, the State introduced two prior misdemeanor convictions for enhancement. Defendant objected, pointing out that he was without counsel when those convictions were obtained. The Court of Appeals affirmed, holding that, while an uncounseled felony conviction cannot be used to enhance a sentence, an uncounseled misdemeanor conviction can. This Court reversed and remanded for resentencing because it failed "to see how the integrity of a misdemeanor conviction can be any less affected by a lack of counsel than a felony conviction." *Morgan v. State*, 235 Ga. 632, 633, supra.

If a constitutionally invalid misdemeanor conviction cannot be used to enhance a sentence, id., then a fortiori, a constitutionally invalid probated sentence cannot be revoked. After all, a revoked probated sentence is nothing less than actual imprisonment. See *United States v. Foster*, 904 F2d 20, 21 (9th Cir. 1990) (defendant's probation cannot be revoked if he was denied right to counsel when he received probated sentence); cf. *Reece v. Pettijohn*, 229 Ga. 619 (193 SE2d 841) (1972) (defendant not entitled to counsel at revocation hearing where he was represented by counsel at time of sentencing). Inasmuch as petitioners challenge the revocation of their probation, we must determine whether they knowingly and intelligently waived their

---

[6] Of course, the right to counsel may attach even earlier.

right to counsel when they were placed on probation.

A strict standard must be applied to waivers of right to counsel whether at trial or, as here, at pretrial proceedings, *Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) (1981); see *Von Moltke v. Gillies*, 332 U. S. 708, 721 (68 SC 316, 92 LE2d 309) (1948) (right to counsel is as important to defendant who must decide whether to plead guilty as it is to defendant who stands trial); and the burden is on the State to present evidence of a valid waiver. *Jones v. Wharton*, 253 Ga. 82, 83 (316 SE2d 749) (1984). The State carried its burden here.

The extrinsic evidence offered at the habeas corpus hearing demonstrated that the trial court advised defendants of their right to counsel; and that it satisfied itself that defendants were cognizant of that right and voluntarily waived it. This evidence authorized the habeas court's finding that petitioners knowingly, intelligently and voluntarily waived their right to counsel. *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969); *Goodman v. Davis*, 249 Ga. 11 (287 SE2d 26) (1982); *Huff v. Barnett*, 230 Ga. 446 (197 SE2d 345) (1973); cf. *Warner v. Jones*, 241 Ga. 467 (246 SE2d 320) (1978).

Petitioners assert that any waiver of counsel was invalid because they "announced" their plea before the trial court advised them of their right to counsel. We cannot accept this assertion. The entry of a guilty plea is a process; it does not take place the moment a plea is uttered. Why? Because a guilty plea can be withdrawn up until the time sentence is pronounced. OCGA § 17-7-93. Thus, a defendant can insist on his constitutional rights and withdraw his plea until it is "accepted" by the trial court. See *Carney v. State*, 131 Ga. App. 209, 210 (205 SE2d 518) (1974) (pronouncement of plea means signing of written sentence and its delivery to the clerk). See generally *Boykin*, supra at 242 (error for trial court to *accept* guilty plea without affirmative showing that it was intelligent and voluntary).

Relying upon *Faretta v. California*, 422 U. S. 806, 835 (95 SC 2525, 45 LE2d 562) (1975), petitioners assert the trial court should have made them aware of the dangers of proceeding pro se. We disagree. In *Faretta*, the Supreme Court held that a defendant should be made aware of the risks of self-representation before he represents himself *at trial*. Thus, a *Faretta* inquiry is addressed to a defendant's understanding of courtroom procedure and his ability to conduct a defense. That type of inquiry is out of place at the guilty plea stage. *State v. Cashman*, 491 NW2d 462 (SD 1992); see *Stano v. Dugger*, 921 F2d 1125, 1145 (11th Cir. 1991); but see *State v. Lambert*, 720 So.2d 724 (La. App. 3rd Cir. 1998).

*Judgment affirmed. All the Justices concur, except Benham, C. J., and Fletcher, P. J., who dissent.*

BENHAM, Chief Justice, dissenting.

Because I do not agree that this Court can decide on the record of this case that the petitioners made knowing and intelligent waivers of their right to counsel at the hearing at which they entered guilty pleas, I must dissent from the affirmance of the habeas corpus court's denial of the writ of habeas corpus.

In holding that the petitioners' waivers were valid because their right to counsel was explained to them at some point in the guilty plea "process," the majority opinion ignores the fundamental principle for which it cites *Von Moltke v. Gillies*, 332 U. S. 708, 721 (68 SC 316, 92 LE2d 309) (1948), that the right to counsel is as important to a defendant who must decide whether to plead guilty as it is to a defendant who stands trial. While it may be correct that sometime during the "process" of petitioners' guilty pleas, their right to counsel was explained, it is clear from the record that they were required to announce their pleas before such explanations were complete. Thus, although the U. S. Supreme Court expressed in *Von Moltke*, supra, the importance of counsel in making the decision whether to plead guilty, the majority opinion finds it acceptable that defendants be acquainted with that right only after having made the decision to enter a guilty plea. A right which is explained to a defendant only after the defendant has begun the "process" of pleading guilty by admitting guilt is a hollow right indeed. I believe the petitioners in this case were entitled, prior to announcing their pleas, to be acquainted with their right to the assistance of counsel in making the decision whether to plead guilty.

Furthermore, the majority opinion rejects the applicability of *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975), to guilty plea hearings with a paucity of rationale. If, as the U. S. Supreme Court held in *Godinez v. Moran*, 509 U. S. 389, 399 (113 SC 2680, 125 LE2d 321) (1993), the important matter to be determined in a *Faretta* inquiry is not whether the defendant has the ability to conduct a trial without the benefit of counsel, but whether the defendant has the ability to make a knowing and intelligent waiver of the right to counsel, then the rights protected by *Faretta* would be at least as applicable to guilty plea hearings as to trials. It appears, therefore, that *Faretta* applies equally to waivers of counsel in the context of a guilty plea, yet the habeas corpus court's order denying relief included no findings regarding whether the trial court undertook an appropriate inquiry to determine whether the petitioners here had the capacity to waive their right to counsel. Rather than dismissing *Faretta* out of hand, this Court should, at the least, remand this case to the habeas corpus court for further inquiry regarding the process used in securing from these petitioners, after they had announced their decision to plead guilty, a waiver of the

right to be assisted by counsel in making the decision to plead guilty.

Since the record of this case does not support the majority's holding that the petitioners' waivers of counsel were intelligent and knowing, and since the majority disregards the requirements of *Faretta*, I cannot join in the affirmance of the habeas corpus court's denial of relief to the petitioners.

I am authorized to state that Presiding Justice Fletcher joins in this dissent.

DECIDED NOVEMBER 22, 1999 —
RECONSIDERATION DENIED DECEMBER 20, 1999.

*Robert E. Toone, Jr., Stephen B. Bright,* for appellant.

*Ellis, Easterlin, Peagler, Gatewood & Skipper, George R. Ellis, Jr.,* for appellee.

*Mary W. Whiteman, Michael B. Shapiro, James C. Bonner,* amici curiae.

