S91P1361. MEDERS v. THE STATE.
(411 SE2d 491)

CLARKE, Chief Justice.

Jimmy Fletcher Meders was convicted in Glynn County of malice murder and armed robbery and sentenced to death. He appealed to this court. We issued an opinion addressing the issues raised on appeal but deferring a sentence review until after proceedings on remand we ordered (at the state's request) to address the issue of trial counsel's effectiveness. *Meders v. State,* 260 Ga. 49 (10) (389 SE2d 320) (1990). On remand, the trial court conducted a hearing on the issue of effectiveness of counsel and concluded that Meders had not been denied effective assistance of counsel. The court issued a nine-page order fully explaining its conclusion that Meders' trial counsel was effective. The case is again in this court for review of the proceedings on remand and for the sentence review required by OCGA § 17-10-35.[1]

1. Meders argues the trial court should have appointed to assist him at the remand hearing a mental health expert, a jury composition expert, and a criminal defense attorney to testify as an expert witness on the issue of ineffectiveness.

Meders was represented by two attorneys in the remand proceed-

---

[1] The remand hearing took place March 26, 1991. The trial court issued its order on July 10, 1991. The case was docketed in this court on July 17, 1991. Oral arguments were heard on September 24, 1991.

ings. He was not entitled to the appointment of a third attorney to testify as an expert witness about how properly to try a death penalty case. Nor was expert assistance necessary to determine whether or not the jury lists fairly represented the population of Glynn County. See *Spivey v. State*, 253 Ga. 187 (7 a) (319 SE2d 420) (1984). Finally, it was not an abuse of discretion to deny Meders' motion for independent psychological assistance. See *Christenson v. State*, 261 Ga. 80 (2) (402 SE2d 41) (1991).

2. The trial court's nine-page order persuasively demonstrates that Meders has failed to overcome the "strong presumption" that Meders' trial counsel performed effectively. *Ferrell v. State*, 261 Ga. 115 (3) (401 SE2d 741) (1991).

3. The jury found the presence of two statutory aggravating circumstances supporting its imposition of a death sentence: (1) the offense of murder was committed while the defendant was engaged in the commission of armed robbery, and (2) the defendant committed the offense of murder for the purpose of receiving money or any other thing of monetary value. See OCGA § 17-10-30 (b) (2) and (b) (7). The evidence supports these findings. OCGA § 17-10-35 (c) (2).

4. We do not find that Meders' death sentence was imposed as the result of passion, prejudice or other arbitrary factor. OCGA § 17-10-35 (c) (1). His death sentence is neither excessive nor disproportionate to sentences imposed in similar cases, considering both the crime and the defendant. OCGA § 17-10-35 (c) (3). The similar cases listed in the Appendix support the imposition of a death sentence in this case.

*Judgment affirmed. Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

### APPENDIX.

*Miller v. State*, 259 Ga. 296 (380 SE2d 690) (1989); *Lee v. State*, 258 Ga. 82 (365 SE2d 99) (1988); *Frazier v. State*, 257 Ga. 690 (362 SE2d 351) (1987); *Ford v. State*, 257 Ga. 461 (360 SE2d 258) (1987); *Romine v. State*, 256 Ga. 521 (350 SE2d 446) (1986); *Cargill v. State*, 255 Ga. 616 (340 SE2d 891) (1986); *Ingram v. State*, 253 Ga. 622 (323 SE2d 801) (1984); *Finney v. State*, 253 Ga. 346 (320 SE2d 147) (1984); *Spivey v. State*, 253 Ga. 187 (319 SE2d 420) (1984); *Roberts v. State*, 252 Ga. 227 (314 SE2d 83) (1984); *Putman v. State*, 251 Ga. 605 (308 SE2d 145) (1983); *Mincey v. State*, 251 Ga. 255 (304 SE2d 882) (1983); *Wilson v. State*, 250 Ga. 630 (300 SE2d 640) (1983); *Rivers v. State*, 250 Ga. 288 (298 SE2d 10) (1982); *Jones v. State*, 249 Ga. 605 (293 SE2d 708) (1982); *Berryhill v. State*, 249 Ga. 442 (291 SE2d 685) (1982); *Solomon v. State*, 247 Ga. 27 (277 SE2d 1) (1981); *Dick v. State*, 246 Ga. 697 (273 SE2d 124) (1980); *Jones v. State*, 243

Ga. 820 (256 SE2d 907) (1979); *Amadeo v. State*, 243 Ga. 627 (255 SE2d 718) (1979); *Corn v. State*, 240 Ga. 130 (240 SE2d 694) (1977); *Peek v. State*, 239 Ga. 422 (238 SE2d 12) (1977); *Birt v. State*, 236 Ga. 815 (225 SE2d 248) (1976); *Pulliam v. State*, 236 Ga. 460 (224 SE2d 8) (1976); *Dobbs v. State*, 236 Ga. 427 (224 SE2d 3) (1976); *Goodwin v. State*, 236 Ga. 339 (223 SE2d 703) (1976); *Mitchell v. State*, 234 Ga. 160 (214 SE2d 900) (1975); *Moore v. State*, 233 Ga. 861 (213 SE2d 829) (1975); *Gregg v. State*, 233 Ga. 117 (210 SE2d 659) (1974).

DECIDED JANUARY 9, 1992.

*Maloy & Jenkins, James K. Jenkins, Andru H. Volinsky*, for appellant.

*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney*, for appellee.