## S05A0436. THE STATE v. FUTCH.

(612 SE2d 796)

FLETCHER, Chief Justice.

John Randall Futch filed a petition for habeas corpus relief from his felony conviction for criminal damage to property, alleging that his guilty plea was not voluntarily entered. The habeas court granted relief and the State appeals. Because the record supports the habeas court's factual finding that Futch was not informed of the constitutional rights he was waiving in pleading guilty, we affirm.

Futch pled guilty to criminal damage to property in 1993 and was sentenced to four years probation. Subsequently, this conviction was used to enhance a sentence Futch received on a federal criminal charge. In 2004, Futch filed this habeas petition challenging the voluntariness of his 1993 guilty plea.

1. Once a prisoner raises a question about the validity of his guilty plea, the burden is on the State to show that the plea was voluntarily, knowingly, and intelligently made.[1] Because no transcript exists of the plea hearing, the State attempted to meet its burden through extrinsic evidence.[2] Futch's plea counsel testified that she had no independent recollection of Futch's case and that it would be difficult to describe a particular practice she followed. She testified that she would have explained the elements of the crime to which a defendant was pleading and would make sure the plea was a good deal for the defendant, but neither she nor the judge would go over the particular rights that the defendant was waiving.

The State also offered the plea form contained on the back of the indictment and which is signed by Futch. The form consists of one typed paragraph that states that the defendant pleads guilty and waives several rights, including the right to trial by jury, the right to confront witnesses against oneself, and the right not to incriminate oneself.[3] Plea counsel testified that she was not sure that the document was provided to Futch before he entered his plea, that she doubted that he read the document, that she did not go over the rights with him, and that he was simply presented the document after the entry of his plea and told "to sign here." This evidence amply supports

---

[1] *Foskey v. Battle*, 277 Ga. 480, 482 (591 SE2d 802) (2004).

[2] *Bazemore v. State*, 273 Ga. 160, 161 (535 SE2d 760) (2000).

[3] See *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

the habeas court's finding that the State failed to meet its burden to affirmatively show that Futch was aware of his constitutional rights and knowingly and voluntarily waived those rights.

2. This Court has previously rejected the State's argument that it may demonstrate voluntariness by showing the defendant had prior experience in the criminal justice system.[4] This Court has also refused to apply laches in habeas proceedings,[5] and Futch's petition was otherwise timely.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 9, 2005.

*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellant.
John R. Futch, *pro se.*

---

[4] *Foskey*, 277 Ga. at 482; *Bazemore*, 273 Ga. at 162.

[5] *Zant v. Cook*, 259 Ga. 299 (379 SE2d 780) (1989).

[6] See OCGA § 9-14-42 (c) (1) (person whose felony conviction had become final as of July 1, 2004, has until July 1, 2008 to bring a habeas petition).