## S05A1125. JONES v. TERRY.
(619 SE2d 601)

MELTON, Justice.

In this case, we granted a certificate of probable cause to appeal to Larry Jones in order to consider whether the habeas court erred in its June 29, 2004 determination that Jones waived his right to counsel at his 1998 guilty plea hearing. For the reasons set forth below, we reverse.

Jones was indicted in Wilcox County on August 24, 1998 on one count of felony escape. He entered a plea of guilty and received a one-year sentence consecutive to the life sentence he was then serving. He was not represented by counsel at the time of the plea, and, although the sentencing court instructed Jones that he would have a "continued right to the assistance of an attorney throughout the jury trial," it is undisputed that the sentencing court never informed Jones that he had a right to counsel during the plea hearing. Jones later filed a pro se petition for habeas corpus relief, alleging his right to counsel was violated when he was not informed by the sentencing court that he had a right to counsel at the time he entered the plea. The habeas court found no merit in Jones' allegation concluding that, even though the transcript of the guilty plea hearing did not reflect that Jones was advised of his right to counsel for the

guilty plea, the sentencing court's indication that he would have the "continued right to the assistance of an attorney throughout the jury trial," combined with Jones' failure to make any request for an attorney after he had been advised of an entitlement to an attorney throughout trial, was sufficient to reject Jones' assertion that the sentencing court erred. We disagree.

As an initial matter, Jones had the right to counsel at the plea hearing. This Court has previously held that the Sixth Amendment right to counsel attaches at that point in a criminal prosecution where rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is substantially affected. *Fortson v. State*, 272 Ga. 457, 458 (532 SE2d 102) (2000). The Sixth Amendment right to counsel in a criminal prosecution unquestionably extends to a plea hearing. *Iowa v. Tovar*, 541 U. S. 77 (a) (124 SC 1379, 158 LE2d 209) (2004); *Dixon v. Hopper*, 237 Ga. 811, 813 (1) (229 SE2d 656) (1976) (entry of a guilty plea undeniably occurs during a highly critical stage of criminal proceedings). See also *O'Kelley v. State*, 278 Ga. 564 (604 SE2d 509) (2004) (although not generally a critical stage in the criminal proceeding, the Sixth Amendment right to counsel also attaches to an initial appearance hearing). Second, any waiver by Jones of his right to counsel at the plea hearing would have to be knowing and voluntary. "While the Constitution 'does not force a lawyer upon a defendant' . . . it does require that any waiver of the right to counsel be knowing, voluntary, and intelligent. [Cit.]" *Tovar*, supra at 87-88. The *Tovar* Court gave specific guidance regarding what information must be provided to the accused at the time of the guilty plea in order for a waiver to be knowing and voluntary. The Court explained that, although the Constitution does not require a "scripted" warning to ensure that the accused makes a knowing and voluntary waiver of counsel at the plea hearing, the Sixth Amendment requires the court inform the accused of "the nature of the charges against him, *of his right to be counseled regarding his plea*, and of the range of allowable punishments." (Emphasis supplied.) Id. at 81.

Here, it is undisputed that Jones was not informed in any fashion, whether scripted or non-specific, about his right to counsel during his plea in this case. Any arguments based on the facts that Jones signed a generalized waiver form and was instructed he had a continued right to counsel during a jury trial do not change this result. See *State v. Futch*, 279 Ga. 300 (612 SE2d 796) (2005). Cf. *Parks v. McClung*, 271 Ga. 795 (524 SE2d 718) (1999) (extrinsic evidence demonstrated knowing and intelligent waiver of the right to counsel), overruled on other grounds, *Barnes v. State*, 275 Ga. 499 (570 SE2d 277) (2002). In the absence of the prerequisite information in this case, it cannot be concluded that Jones made a knowing and

voluntary waiver of counsel. Accordingly, the habeas court erred in finding that Jones waived the right to be represented by counsel at the plea hearing.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

Larry Jones, *pro se.*

Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General, for appellee.

James C. Bonner, Jr., Sarah L. Gerwig-Moore, amici curiae.