S06A0579, S06X0581. SCHOFIELD v. MEDERS; and vice versa.

(632 SE2d 369)

HUNSTEIN, Presiding Justice.

Jimmy Fletcher Meders was convicted of the 1987 armed robbery and murder of a convenience store clerk and was sentenced to death. On direct appeal this Court addressed several alleged trial court errors but did not complete our review because Meders had obtained new counsel during the pendency of the appeal; thus, we remanded the case to the trial court for a hearing on his claim that he received ineffective assistance of trial counsel. *Meders v. State*, 260 Ga. 49 (389 SE2d 320) (1990). On remand, appellate counsel was replaced by current counsel and a hearing was held on the ineffective assistance claim. The trial court denied the claim and in *Meders v. State*, 261 Ga. 806 (411 SE2d 491) (1992) this Court finished its review of the direct appeal, including the remand ruling on ineffectiveness, and affirmed.

Meders thereafter filed a petition for writ of habeas corpus asserting, inter alia, a claim that his trial counsel rendered ineffective assistance. The habeas court granted the petition on that ground and rejected the other grounds raised in the petition. In Case No. S06A0579, the Warden appeals the ruling that Meders received ineffective assistance of trial counsel; Meders (hereinafter "petitioner") appeals the other grounds in Case No. S06X0581. For the reasons that follow we reverse the habeas court's ruling in the Warden's appeal and affirm the ruling denying petitioner relief on the remaining grounds. Accordingly, we reinstate petitioner's convictions and sentences.

*Case No. S06A0579.*

1. We agree with the Warden that the habeas court improperly considered claims of ineffective assistance of trial counsel that were procedurally barred because actually litigated and incorrectly found cause and prejudice to excuse petitioner's procedural default in failing to raise permutations of those claims on direct appeal. The law is well-established that "any issue raised and ruled upon in the petitioner's direct appeal may not be reasserted in habeas corpus proceedings ([cit.])," *Gaither v. Gibby*, 267 Ga. 96, 97 (2) (475 SE2d 603) (1996), and that claims that could have been raised on direct appeal but are raised for the first time in habeas corpus proceedings are procedurally defaulted, unless the petitioner meets the "cause and prejudice" test. OCGA § 9-14-48 (d); *Turpin v. Todd*, 268 Ga. 820 (2) (a) (493 SE2d 900) (1997). The "cause" portion of that test requires a showing that some objective factor external to the defense impeded counsel's efforts to raise the procedurally-defaulted claim. *Chatman v. Mancill*, 280 Ga. 253 (1) (626 SE2d 102) (2006). The "prejudice"

portion of the test is satisfied only where the omission or waiver resulted in actual and substantial prejudice, infecting the entire trial with error of constitutional dimensions. *Schofield v. Palmer*, 279 Ga. 848 (2) (621 SE2d 726) (2005). A petitioner is not required to meet the cause and prejudice test in order to avoid a miscarriage of justice; however, an extremely high standard applies in such cases. *Head v. Stripling*, 277 Ga. 403 (2) (590 SE2d 122) (2003); see also OCGA § 9-14-48 (d).

We recognize that the proper standard of review requires this Court to accept the habeas court's factual findings and credibility determinations unless clearly erroneous, although we independently apply the legal principles to the facts. *Zant v. Means*, 271 Ga. 711, 712 (522 SE2d 449) (1999). The record in this case clearly establishes that the habeas court granted relief on claims that had been raised in essentially the identical form in the hearing held on remand to the trial court.[1] However, the habeas court declined to find the claims procedurally barred as actually litigated and instead treated them as procedurally-defaulted claims (i.e., claims that could have been raised on direct appeal but were not). The habeas court then excused the procedural default based on its determination that petitioner had "demonstrated the necessary cause and prejudice." Even if we were to consider these claims as being different enough from the barred claims to fall within the defaulted-claim analysis, the record does not support the habeas court's determination that petitioner established cause and prejudice to excuse the procedural default.

The first "cause" found by the habeas court to have impeded counsel's efforts to raise the procedurally-defaulted claims was the fact "petitioner was unable to cross examine his trial counsel" at the remand hearing held on the ineffectiveness issue due to trial counsel's illness and inability to attend court. This finding overlooks the legal remedy that was readily available to petitioner in this situation, namely, a court order to obtain counsel's sworn testimony for use at the remand hearing. See OCGA § 24-10-130 (depositions to preserve testimony in criminal proceedings). See also *Dickens v. State*, 280 Ga. 320, 322 (2), fn. 2 (627 SE2d 587) (2006) (use of affidavits at motion for new trial hearings challenging effectiveness of counsel). Moreover, even assuming petitioner had shown cause for not presenting his trial counsel's testimony at the remand hearing, trial counsel's death prior to the habeas proceedings precluded petitioner from demonstrating that any of his habeas claims were truly new or that he suffered

---

[1] Those claims included trial counsel's failure to make use of certain evidence (police reports and witnesses' prior inconsistent statements) and counsel's failure to object to the admission of certain evidence (a summons for trafficking in cocaine and food stamps possibly taken during the armed robbery).

prejudice by his prior inability to raise additional claims at the remand hearing. In other words, "nothing" (in the form of the absence of testimony) cannot be used in this case to prove "something" (i.e., the matters petitioner was required to show on habeas to avoid procedural default). Thus, the habeas court erred by holding that trial counsel's absence from the remand hearing served as "cause" for failure to raise ineffective assistance on direct appeal.[2]

The second "cause" found by the habeas court was that "the factual or legal basis for the claim was not reasonably available to counsel," based on several specifically enumerated evidentiary items. As to the first of those items involving testimony from a certain detective about other shootings on the night of the murder and the feud that allegedly motivated the shooters, the habeas court's finding is clearly erroneous. Our review of the record reveals that the detective actually testified in the remand hearing and that he and a number of other witnesses were questioned about the other shooting incidents. Thus, contrary to the habeas court's finding, this testimony was not "unavailable to counsel during the pendency of the direct appeal."

Next, the habeas court found that petitioner "was not legally permitted to access the criminal records" of the two men with him at the time of the murder and of the man to whom he confessed immediately after the murder "under the Georgia Open Records Act until after [petitioner] had completed his direct appeal." This finding fails to assist petitioner in overcoming the procedural bars to raising any new claims of ineffective assistance of trial counsel, however, because it does not specify, and we cannot determine from the record, what "criminal records" have been newly discovered that show any prejudice of constitutional proportions. Furthermore, any materials legally unavailable to trial counsel before and during trial could not support an ineffective assistance of trial counsel claim in any case because counsel obviously do not perform deficiently in failing to obtain what is not legally available to them. See *Strickland v.*

---

[2] We remind bench and bar that

> while it may represent a hardship to petitioner, the intervening death of a *habeas* petitioner's trial attorney does not excuse a petitioner's inability to produce "objective evidence" in support of his allegations. . . . While unfortunate, because the death of a petitioner's trial counsel is just as, if not more, likely to prejudice the respondent, it does not relieve the petitioner of his "heavy burden" of proving ineffective assistance. [Cit.]

*Slevin v. United States*, 71 F Supp.2d 348, 358, fn. 9 (S.D. N.Y. 1999), aff'd, 234 F3d 1263 (2d Cir. 2000). See also *Hunt v. Alabama*, 2005 Ala. Crim. App. LEXIS 165 (VI) ("[w]e have conducted a diligent search and can find no case where the death of a petitioner's trial counsel before a postconviction hearing relieved the petitioner of complying with the requirements of *Strickland*").

*Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783-784 (1) (325 SE2d 362) (1985).

Finally, the habeas court found that petitioner "did not have access" to testimony from the prosecutor until the habeas hearing. This finding is clearly erroneous in that it fails to recognize that the prosecutor was present during the remand hearing and thus available to be called as a witness within the trial court's discretion. See generally *Timberlake v. State*, 246 Ga. 488 (7) (271 SE2d 792) (1980); 81 AmJur2d Witnesses § 216. Thus, the prosecutor could have been questioned whether certain other evidence was both contained in the State's file and made available to counsel as well as about certain evidence he adduced at trial. We note that the prosecutor's testimony in the habeas hearing regarding these matters did not contradict his unsworn representations to the trial court in the remand hearing and there was no finding by the habeas court that the prosecutor's testimony was not credible.

Therefore, because the ineffective assistance claims petitioner previously raised on direct appeal are procedurally barred as actually litigated and because he failed to demonstrate in his habeas proceedings that he was raising any truly new ineffective assistance claims concerning which he could satisfy the cause and prejudice test applicable to procedurally-defaulted claims, the habeas court erred by granting relief based on grounds of the alleged ineffective assistance of trial counsel.

## Case No. S06X0581.

2. Petitioner argues that the habeas court erred by denying his claim regarding the State's use of allegedly-false testimony by a detective and a portion of the prosecutor's argument to the jury. The habeas court found that petitioner had failed to demonstrate that the testimony in question was actually false. Given the vagueness of the facts upon which the detective testified at trial and the varying interpretations one might place on his testimony, we do not find the habeas court's finding of fact to be clearly erroneous. We further note that this claim should have been found procedurally defaulted because it was not raised during petitioner's direct appeal proceedings. Upon finding the claim to be procedurally defaulted, the habeas court should then have inquired into whether petitioner had shown cause and prejudice to overcome that bar. See OCGA § 9-14-48 (d); *Turpin v. Todd*, supra, 268 Ga. at 824 (2) (a). The habeas court's findings of fact concerning the merits of the claim are identical to the inquiry regarding possible prejudice under the cause and prejudice test; therefore, considering the habeas court's findings and our own review

of the trial record, we conclude that no prejudice has been shown and that the claim, therefore, remains defaulted.

3. In two related enumerations petitioner argues that the habeas court erred by failing to address his claim that the State engaged in misconduct by introducing into evidence at trial food stamps possibly taken during the armed robbery and a summons issued against petitioner for trafficking in cocaine. These claims are barred by procedural default because they were not preserved by objection at trial. See OCGA § 9-14-48 (d). See also *Meders*, supra, 260 Ga. at 54 (3). Petitioner has failed to show cause to overcome the bar to these defaulted claims. While ineffective assistance of trial counsel can serve as cause under the cause and prejudice test applied to procedurally-defaulted claims, *Turpin v. Todd*, supra, 268 Ga. at 826, petitioner asserted his trial counsel's alleged ineffective assistance for failing to object to the State's use of these items and this Court thereafter rejected that claim on appeal. See *Meders*, supra, 261 Ga. at 807 (2). We find no reversible error in the habeas court's denial of relief based on the alleged misconduct by the State in introducing this evidence.

4. Petitioner argues that the habeas court erred by failing to grant relief based on his claim of evidence suppression. See *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). The Warden argues that the majority of the matters addressed in this claim were waived by petitioner's failure to raise them properly in the habeas court and that, in any case, the claim is procedurally defaulted because it could have been but was not raised on direct appeal. Pretermitting the Warden's argument regarding waiver, we conclude that petitioner cannot satisfy the cause and prejudice test and, therefore, that his claim remains defaulted.

To succeed in an evidence suppression claim, petitioner was required to show the following:

(1) the State possessed evidence favorable to the defendant; (2) the defendant did not possess the favorable evidence and could not obtain it himself with any reasonable diligence; (3) the State suppressed the favorable evidence; and (4) had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the trial would have been different. [Cits.]

*Schofield v. Palmer*, supra, 279 Ga. at 852 (2). The burden of proving these elements rested on petitioner. See *Watkins v. State*, 276 Ga. 578 (4) (581 SE2d 23) (2003).

Most of the allegedly-suppressed evidence in issue consisted of items that the prosecutor, both on remand and at the habeas hearing, asserted had been contained in the district attorney's file made

available to trial counsel. See *Adams v. State*, 271 Ga. 485, 487 (3) (521 SE2d 575) (1999) (noting prosecutor's open file policy satisfies State's duty to disclose exculpatory materials). Although the habeas court found there was no evidence to corroborate the prosecutor's statements regarding what materials were contained in his file and how available he made the file to trial counsel, the habeas court also made no finding of fact that the prosecutor's testimony was false. Furthermore, our review of the trial record tends to confirm the prosecutor's testimony, given trial counsel's statement during a pre-trial hearing in which he specifically informed the trial court that he was satisfied to date with his review of the State's file. Thus, we conclude that petitioner has failed to show that the prosecutor's entire file was not made available to trial counsel.

Portions of petitioner's evidence suppression claim concern matters not included in the prosecutor's file, including the allegation that the prosecutor assisted one of the State's witnesses in certain criminal matters both before and after petitioner's crimes and additional information related to other shooting incidents. Our review supports the habeas court's finding that petitioner failed to show prejudice as a result of the alleged suppression of these items sufficient to demonstrate a reasonable probability of a different outcome in either phase of petitioner's trial. *Schofield v. Palmer*, supra, 279 Ga. at 852 (2).

Therefore, pretermitting the Warden's waiver arguments, petitioner's claim fails because his evidence suppression claim concerns only materials either not shown to have been suppressed or not sufficiently prejudicial to warrant relief.

5. Petitioner argues that the habeas court erred by refusing to order the prosecutor to disclose the written notes he had made while reviewing his file that he thereafter used to refresh his recollection during his habeas testimony. See OCGA § 24-9-69. This Court has held that materials used to refresh the recollection of a witness for the State *in criminal cases* must be disclosed by the witness upon request. *Baxter v. State*, 254 Ga. 538 (18) (331 SE2d 561) (1985), overruled on other grounds, *Height v. State*, 278 Ga. 592 (1) (604 SE2d 796) (2004). However, that holding left unchanged in civil cases the earlier rule, previously applied in all cases, that a party has no right to such materials. See *Williams v. State*, 250 Ga. 664 (1) (300 SE2d 685) (1983); *Smith v. Smith*, 222 Ga. 313 (3) (149 SE2d 683) (1966). Because habeas corpus is a civil proceeding, see *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999), we find no error here.

6. Petitioner claims that the habeas court erred by refusing to order the in camera review of any bar complaints filed against the prosecutor. This Court will not reverse a habeas court's ruling on discovery matters absent a clear abuse of discretion. *Turpin v.*

*Bennett*, 270 Ga. 584 (3) (513 SE2d 478) (1999). We find no abuse of the habeas court's discretion in concluding that any misconduct by the prosecutor relevant to petitioner's claims would be apparent in the record.

7. Petitioner argues that the habeas court erred when it ruled that various enumerated grounds were barred as actually litigated or procedurally defaulted. This argument has already been addressed above insofar as it concerns trial counsel's alleged ineffectiveness. This Court held on appeal following the remand hearing that the trial court did not err by refusing to appoint a psychologist for purposes of the remand hearing, see *Meders*, supra, 261 Ga. at 806-807 (1), and, accordingly, that claim is procedurally barred. We find procedurally defaulted petitioner's claim that recent expert testimony shows he would have been incapable of fabricating either his self-exculpatory pre-trial statement or his trial testimony and that the State's trial expert should be deemed not credible; further, he has shown neither cause and prejudice nor the existence of a miscarriage of justice in order to overcome that default. OCGA § 9-14-48 (d). To the extent that petitioner's claims are intended to refer to other matters found barred by the habeas court, they are "so lacking in specific argument that they are incapable of being meaningfully discussed." *Head v. Hill*, 277 Ga. 255, 269 (V) (A) (587 SE2d 613) (2003). See Supreme Court Rule 22.

8. This Court has already conducted a review of the proportionality of petitioner's death sentence and we perceive no reason to re-examine the issue. *Meders*, supra, 261 Ga. at 809 (4); see *Davis v. Turpin*, 273 Ga. 244 (2) (539 SE2d 129) (2000) (declining to re-examine proportionality on habeas corpus). See also *Gissendaner v. State*, 272 Ga. 704 (16) (532 SE2d 677) (2000) (holding that this Court's proportionality review is neither unconstitutional nor inadequate under statutory law).

*Judgment reversed in Case No. S06A0579. Judgment affirmed in Case No. S06X0581. All the Justices concur.*

DECIDED JUNE 12, 2006 —
RECONSIDERATION DENIED JULY 28, 2006.

*Maloy & Jenkins, James K. Jenkins, Bernstein, Shur, Sawyer & Nelson, Andru H. Volinsky*, for appellant.

*Stephen D. Kelley, District Attorney, Thurbert E. Baker, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Sabrina D. Graham, Assistant Attorney General*, for appellee.