*Assistant Attorney General*, for appellee.

S11A1725. FULLWOOD v. THE STATE.
(720 SE2d 642)

HINES, Justice.

This Court granted defendant Stacy Fullwood a certificate of probable cause to appeal an order of the Superior Court of Crisp County denying his petition for writ of habeas corpus, which challenged his 1988 guilty plea to possession of cocaine with intent to distribute. The appeal was granted in order to consider whether the habeas court erred in holding that Fullwood knowingly and voluntarily waived his right to counsel at the guilty plea hearing. For the reasons that follow, we conclude that it was error for the habeas court to find a knowing and voluntary waiver of the right to counsel, and we reverse.

On February 22, 1988, Fullwood entered a plea of guilty to Violation of the Georgia Controlled Substances Act by possession of cocaine with intent to distribute, and he was sentenced to ten years on probation under the provisions of the First Offender Act, OCGA § 42-8-60 et seq.[1] Fullwood, who was 20 years old at the time of the plea and whose formal schooling ended in the tenth grade, was not represented by counsel at the plea hearing. The sentencing court instructed Fullwood about his rights at a jury trial including "that at a jury trial, you have the right to have a lawyer"; however, it is undisputed that the court never informed him that he had a right to counsel during the plea hearing.

In his habeas petition, Fullwood alleged, inter alia, that he was denied the right to assistance of counsel; that he never waived his right to counsel at the guilty plea; and that he did not understand the nature of self-representation or the nature and consequences of his plea. Following a hearing at which Fullwood was not present but at which the State appeared and presented evidence, the habeas court denied relief. The habeas court concluded that inasmuch as at the plea hearing, the sentencing court inquired into Fullwood's mental state and cognitive abilities and did not indicate that he "displayed substantial deficiencies," and that Fullwood had signed the plea section of the indictment form indicating his desire to enter a guilty plea under the First Offender Act, and that this signature was directly below a pre-printed generalized waiver and acknowledgment

---

[1] The ten-year sentence was to be served on probation with the exception of the first 30 days, and Fullwood was also ordered to pay a fine plus costs.

about understanding the right to counsel, this evidenced that Fullwood voluntarily and knowingly relinquished his right to counsel at the plea. We disagree.

There is no question that Fullwood had the right to counsel at the plea hearing, and that in order for him to effectively waive such right, his waiver had to be knowing and voluntary. *Jones v. Terry*, 279 Ga. 623, 624 (619 SE2d 601) (2005). In order for a waiver to be knowing and voluntary, the court must inform the accused of "the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments." Id., quoting *Iowa v. Tovar*, 541 U. S. 77 (a), 81 (124 SC 1379, 158 LE2d 209) (2004).

As already noted, there is no question that the sentencing court never informed Fullwood in any fashion about his right to counsel during his plea. The facts that Fullwood signed a generalized waiver form and was instructed that he had a right to counsel during a jury trial do not permit the conclusion that Fullwood made a knowing and voluntary waiver of counsel. *Jones* at 624-625. See also *State v. Futch*, 279 Ga. 300 (612 SE2d 796) (2005).

Accordingly, it was error for the habeas court to conclude that Fullwood waived the right to be represented by counsel at the plea hearing.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*J. Scott Key, Sarah L. Gerwig-Moore*, for appellant.
*Denise D. Fachini, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.