312 Ga. 853
FINAL COPY

S21A0957. THE STATE v. HOUSTON.

PETERSON, Justice.

The State is appealing a grant of habeas relief to Aaron Saunders Houston, who pleaded guilty to three misdemeanor DUI counts. The habeas court vacated the convictions entered on those pleas on the basis that the pleas were tendered without the assistance of counsel and without Houston being advised of his right to counsel, and that Houston did not knowingly and voluntarily waive his right to counsel. The State argues that the habeas court erred because Houston did not produce sufficient evidence that his waiver of counsel was not knowing and voluntary. Because the habeas court did not clearly err in concluding that Houston was not advised of his right to counsel at the plea hearing, thereby precluding an express waiver of that right, we affirm.

1. *Background.*

Houston was charged with DUI and various related charges in

three cases arising from three separate incidents occurring in 2014, 2015, and 2017. Houston, who apparently was not deemed to be indigent (and does not claim indigence on appeal), retained an attorney to represent him in two of the cases but did not obtain representation for the third case. Houston started the evaluation process for DUI Court, but before his evaluation was completed, his lawyer filed a motion to withdraw from representation, which was granted in April 2018. A jury calendar for all three cases was scheduled for June 2018, but was reset at Houston's request to allow him to hire a new attorney and complete the DUI Court assessment. Houston failed to appear at the rescheduled hearing. In February 2019, the three cases were again reset to allow Houston to complete the DUI Court evaluation and hire a new attorney. After Houston completed the DUI Court evaluation and orientation, his cases were transferred to DUI Court, and on June 25, 2019, he appeared at a DUI Court plea calendar.

At the start of his plea hearing, Houston told the trial court, "I request that I get counsel because I need to find . . . some help in

this matter." Houston stated that he had received a written copy of the State's sentencing recommendation only that day, although the assistant solicitor who represented the State at the plea hearing had described it to him during a telephone conversation on the day before the hearing. Houston told the trial court that he "wanted to read [the sentencing recommendation] tomorrow" to "look at it for what I am charged so I have a better understanding and how would a person go about this." He added, "[M]y professional career is going in the right direction and I just don't want it to impede that." After the trial court explained that the DUI Court requirements would certainly get in the way of his work and social life, Houston indicated that his concern was not so much about the program requirements as it was about serving the jail time that would be required under the State's recommendation, because he wanted to keep his job. The trial court responded:

> . . . I've got some other cases. You can have a seat, Mr. Houston, but I'm not resetting your case. If you decide you're not going to do it, you will go back to [State Court] Judge Dixon['s] trial calendar and if you enter a plea there I'll do whatever the recommendation [is] without the DUI

3

Treatment Court. You have had plenty of time to think about this and you know what's coming up and I'm not resetting it today, Mr. Houston. But, you know, we can talk and if you have questions I'm happy to be here and talk about it with you.

The hearing transcript reflects that there was then a break in the proceedings lasting about an hour and a half, during which Houston "talked to some courtroom personnel, including public defenders[.]"[1]

When proceedings resumed, the State recited the basis for the charges and made its sentencing recommendations to the trial court. The trial court asked Houston if he was "able to read, write, and understand the English language" and whether he read the plea statement forms in each case; Houston responded in the affirmative. The record shows that Houston signed three identical guilty plea statement forms, one for each case. He put his initials next to the pre-printed word "YES" in response to the question on the forms that asked whether he understood that by pleading guilty he was giving up certain rights. That question listed rights that generally come

---

[1] As the habeas court found, however, the record contains no indication that a lawyer represented Houston when he subsequently tendered his pleas.

4

with a trial, such as the right to cross-examine witnesses. It included "the right to assistance of an attorney hired by you, or of a court-appointed lawyer if you cannot afford to hire one and if there is a real possibility that you would be incarcerated if convicted, or if you fail to comply with any conditions of your sentence[.]"

The trial court also asked Houston if he had any questions about his rights; Houston said that he did not. When the trial court gave Houston the opportunity to ask questions, he asked only about serving his custodial sentence, including whether he could serve it on weekends and whether he would get credit for time served. Houston then pleaded guilty to a DUI count (per se or less safe) in each of the three cases, as well as a charge of driving with a suspended license; the other charges were nolle prossed. As Houston entered each guilty plea, the trial court found that the plea was "willingly, knowingly, and intelligently entered." Giving Houston credit for time served, the trial court sentenced Houston to serve an additional ten days in jail, along with probation, fines, and community service.

Approximately two months later, Houston, through counsel, filed a habeas petition, alleging that his Sixth Amendment right to counsel had been violated because the trial court denied his request for counsel, and that his right to due process had been violated because the trial court did not apprise him of his rights, including the right to counsel, the right to the presumption of innocence, the right to require the State to prove his guilt beyond a reasonable doubt, the right to confront witnesses, and the right to call witnesses at trial. At a habeas hearing, the assistant solicitor, who was the sole witness, testified that he spoke with Houston during the hour-and-a-half break at the plea hearing, answered his general questions about DUI Court, and advised him that if he did not want to enter a guilty plea that day, his case would be sent back to the State Court judge. The solicitor said that Houston was "adamant that he wanted to resolve all three cases that day." The solicitor also testified that public defenders routinely speak with pro se defendants, and review their plea paperwork, "as a courtesy of the court," and that it was his recollection that Houston spoke to a public

6

defender in the courtroom on the day that he entered his guilty plea, although the solicitor could not recall which public defender was on duty that day.[2]

In a one-page order, the habeas court granted Houston's petition and vacated his convictions, concluding that "the evidence establishes that [Houston] tendered a plea without the assistance of counsel and was not advised of his right to counsel" and "[u]nder such circumstances there can have been no knowing and voluntary waiver of the right to counsel."

2. *Analysis.*

The petitioner bears the burden of proof in a habeas proceeding. See *Holt v. Ebinger*, 303 Ga. 804, 807 (814 SE2d 298) (2018); see also *Iowa v. Tovar*, 541 U.S. 77, 92 (124 SCt 1379, 158 LE2d 209) (2004) ("[I]n a collateral attack on an uncounseled conviction, it is the defendant's burden to prove that he did not competently and intelligently waive his right to the assistance of

---

[2] The habeas court made a finding that Houston "may have spoken to a public defender[.]"

7

counsel."); *Kennedy v. Hines*, 305 Ga. 7, 9 (2) n.2 (823 SE2d 306) (2019) (contrasting habeas petitioner's burden of demonstrating that a guilty plea was not voluntary, knowing, and intelligent with State's burden to show the opposite on direct appeal). "In reviewing the grant or denial of a petition for habeas corpus, this Court accepts the habeas court's factual findings and credibility determinations unless they are clearly erroneous, but we independently apply the law to the facts." *Dozier v. Watson*, 305 Ga. 629, 629-630 (827 SE2d 276) (2019).

A defendant has a Sixth Amendment right to the assistance of counsel at his plea hearing. See *Tovar*, 541 U.S. at 81 ("The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres."); *Jones v. Terry*, 279 Ga. 623, 624 (619 SE2d 601) (2005) ("The Sixth Amendment right to counsel in a criminal prosecution unquestionably extends to a plea hearing.").[3] For a defendant's

---

[3] To be clear, this case does not involve a claim of denial of the right to *appointed* counsel. But both the Sixth Amendment and Paragraph XIV of Article I, Section I of the Georgia Constitution guarantee the right to

express waiver of the Sixth Amendment right to counsel to be valid, the waiver must be "knowing, voluntary, and intelligent[.]" *Tovar*, 541 U.S. at 87-88. "The law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances — even though the defendant may not know the *specific detailed* consequences of invoking it." Id. at 92 (citation and punctuation omitted). Whether a defendant is capable of making a knowing and intelligent decision "will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." Id. at 88.[4] The determination of whether a defendant is capable of making a knowing waiver of his

---

representation by counsel of choice. See *Hill v. State*, 269 Ga. 23, 23-24 (2) (494 SE2d 661) (1998).

[4] Houston appears to argue that the trial court should have held a hearing pursuant to *Faretta v. California*, 422 U.S. 806, 835 (95 SCt 2525, 45 LE2d 562) (1975), to determine whether he was competent to represent himself at his plea hearing. But a *Faretta* inquiry is not required at the guilty plea phase. See *Tovar*, 541 U.S. at 88-94; *Parks v. McClung*, 271 Ga. 795, 798 (524 SE2d 718) (1999). At any rate, the trial court's failure to conduct a *Faretta* hearing was not cited in the habeas court's order as a basis for its grant of relief.

right to counsel is a factual determination that we accept on appeal unless it is clearly erroneous. See *Brown v. State*, 259 Ga. 453, 454 (2) (b) (383 SE2d 882) (1989); cf. *Young v. State*, 309 Ga. 529, 535 (2) (a) (847 SE2d 347) (2020) ("A trial court's decision as to whether a defendant made a knowing and intelligent waiver of his *Miranda* rights will not be disturbed on appeal unless clearly erroneous." (citation and punctuation omitted)).

Here, the habeas court did not clearly err in concluding that Houston did not make an express waiver of the right to counsel at his plea hearing that was knowing and voluntary. On the contrary, he specifically requested an attorney to help him at the beginning of his plea hearing. Nowhere in the transcript of the change-of-plea hearing does the trial court inform Houston that he had a right to counsel at that hearing.

The State's arguments largely amount to a challenge to the habeas court's factual determination that Houston was not informed that he had a right to counsel at the hearing. The State argues that forms signed by Houston support a conclusion that he was informed

10

of his right to counsel. Houston did sign a set of guilty plea statement forms that, among other things, informed him of his right to counsel and that he was waiving that right by pleading guilty.[5] But given the context in which the question about his understanding that he was giving up the right to counsel by pleading guilty appears on the forms — in a list of certain rights that come with a trial — Houston's completion of the forms at most evidences his awareness that he was giving up the right to have counsel represent him at trial. His completion of the forms does not demonstrate that he knew that he had a right to counsel *at the plea hearing*. Compare *Jones*, 279 Ga. at 624 ("[I]t is undisputed that Jones was not informed in any fashion, whether scripted or non-specific, about his right to counsel during his plea in this case. Any arguments based on the facts that Jones signed a generalized waiver form and was

---

[5] The habeas court stated in its order that "the document the Petitioner reviewed and or signed is not part of the record before this Court." This was incorrect; the guilty plea statement forms discussed herein in fact were admitted as evidence at the habeas hearing and appear in the appellate record, and Houston addresses the forms in his brief to this Court without raising any suggestion that they are not part of the habeas record.

instructed he had a continued right to counsel during a jury trial do not change this result."); and *Fullwood v. State*, 290 Ga. 335, 336 (720 SE2d 642) (2012) (generalized waiver form and court's explanation that defendant had a right to counsel *at trial* were insufficient to show that court informed defendant about his right to counsel during his plea hearing); with *Parks v. McClung*, 271 Ga. 795, 796, 798 (524 SE2d 718) (1999) (knowing, intelligent, and voluntary waiver of right to counsel at plea hearing demonstrated by extrinsic evidence that petitioners signed or initialed a waiver form that not only detailed the trial rights that they were giving up by pleading guilty, but also included a separate statement, signed by the petitioners, that said, "I do not desire a lawyer, appointed or employed, and waive the right to have an appointed or employed lawyer to represent me"), overruled on other grounds by *Barnes v. State*, 275 Ga. 499, 502 (3) & n.19 (570 SE2d 277) (2002). Given that the forms signed by Houston did not include an advisement that a defendant has a right to a lawyer when pleading guilty, the State's suggestion in its briefing that a public defender likely reviewed that

paperwork with Houston is beside the point.

The State also points to evidence that Houston could have elected not to enter DUI Court and asked for his cases to be reset before a different judge, arguing that this shows that Houston was not "forced" to enter a guilty plea without the benefit of counsel. But this misapprehends the basis for the grant of habeas relief — that Houston entered his guilty pleas without being apprised of his right to counsel, not that he was somehow left with no choice but to plead guilty on the day that he did. And the State's suggestion that Houston requested an attorney merely to review the State's sentencing recommendation, and achieved that goal when he spoke to a public defender on a break and had his concerns addressed by the trial court, rests on speculation and fails to appreciate that Houston was not in fact represented by counsel when he entered his guilty pleas.

Finally, the State speculates that the habeas court was influenced by the arguments of Houston's counsel at the habeas hearing that, even in defending against Houston's habeas petition,

13

the State bore the burden of establishing that Houston's various rights were not freely, knowingly, and voluntarily waived. But although the habeas court's order does not clearly state who bears the burden of proof in the proceeding, there is nothing in the order indicating that the court misapprehended the petitioner's burden in that regard. Moreover, Houston's counsel indicated at the habeas hearing that he thought the habeas court actually did not accept his argument about who bore the burden. Although the habeas court's order is brief, it contains written findings of fact and conclusions of law upon which the judgment is based, and the State does not argue that the order fails to comply with OCGA § 9-14-49. Given a lack of evidence to the contrary, we assume that the habeas court applied the proper legal standard. See *State v. Abbott*, 309 Ga. 715, 719 (2) (848 SE2d 105) (2020) ("Trial judges too are presumed to know the law and apply it in making their decisions, absent some indication in the record suggesting otherwise." (citation, punctuation, and emphasis omitted)).

On this record, we cannot conclude that the habeas court

clearly erred in making any of its key factual determinations — that Houston entered a guilty plea without counsel, that Houston was not advised that he had a right to counsel at that proceeding, and that, therefore, Houston did not knowingly waive that right. The State thus has not shown a basis to reverse the grant of habeas relief to Houston.[6]

*Judgment affirmed. All the Justices concur.*

---

[6] We recognize that a non-indigent defendant may be allowed to proceed without a lawyer even when he does not expressly waive his right to counsel. A defendant may validly elect to represent himself by waiving his right to counsel expressly, but he also may be required to proceed without counsel where he functionally waives his right to counsel. See *Allen v. Daker*, 311 Ga. 485, 497 (2) (858 SE2d 731) (2021) (citation omitted). "A non-indigent defendant may functionally waive the right to counsel by failing to retain counsel with reasonable diligence, and regardless of indigency, a defendant may functionally waive the right to counsel by engaging in dilatory tactics." Id. at 497-498 (2) (citations omitted). Where a non-indigent defendant has not invoked his right to self-representation and has failed to hire an attorney to represent him, "whether he validly waived his right to counsel does not turn upon whether he knowingly and intelligently chose to proceed pro se[,]" but rather on whether he "exercised reasonable diligence in securing representation." Id. at 499 (2) (b) (i) (citation and punctuation omitted). The record in this case may have supported a finding of functional waiver by the trial court. But neither the trial court nor the habeas court made any finding on the question of functional waiver, and the State does not argue to this Court that the habeas court erred by failing to consider in its order the question of whether Houston functionally waived his right to counsel. We thus do not decide that question, either.

Decided November 23, 2021.

Habeas corpus. Fulton Superior Court. Before Judge Russell.

*Fani T. Willis, District Attorney, Lyndsey H. Rudder, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Keith E. Gammage, Solicitor-General, Kenneth D. Kondritzer, Assistant Solicitor-General*, for appellant.

*Miller & Key, J. Scott Key*, for appellee.